# SUPREME COURT,

OF THE

## STATE OF ARKANSAS,

AT THE

## MAY TERM, 1876.

---

### MEARS et al. vs. STEWART.

STATUTES: REPEAL BY IMPLICATION : *Damages upon Dissolution of an Attachment.*

The Act of March 7th, 1867, provided for an inquest of damages and a judgment against the plaintiff and his sureties upon the dissolution of an attachment. The civil code, passed subsequently, covered the general subject of attachments, and prescribed the time, manner, and causes for which an attachment might be discharged, but contained no provision for an inquest of damages. Held a repeal of the Act of 1867.

ERROR to *Arkansas* Circuit Court.

Hon. JOHN A. WILLIAMS, Circuit Judge.

*Brown & Ford*, for plaintiffs in error.

ENGLISH, CH. J.:

On the 14th October, 1873, Mears & Boatwright sued G. W. Stewart, on an open account for $215, before a justice of the peace of Arkansas County.

They filed with the account an affidavit, and code form of bond for attachment, which seems to have been issued, but not returned by the constable.

*Vol. XXXI.—2.*

Mears et al. vs. Stewart.

On the 27th October, 1873, the defendant appeared; there was a trial by jury, and verdict and judgment in favor of plaintiffs for $191.25, and the defendant appealed to the Circuit Court.

In the Circuit Court the defendant moved to quash the attachment on the ground of informality of the affidavit on which it was issued by the justice, etc.

The plaintiffs filed an amendment to the affidavit, but the court sustained the motion of the defendant, dissolved the attachment, ordered an inquest of damages, a jury was called, the matter submitted to them, and they returned a verdict in favor of the defendant against the plaintiffs for $240 damages, and judgment was rendered upon the verdict in favor of the defendant for the amount of the damages so assessed.

The original cause of action on which the appeal was taken was then tried, and verdict and judgment rendered in favor of the plaintiffs against the defendant (6th April, 1875) for $125.

The plaintiffs brought error to the judgment against them for damages.

If the attachment was wrongfully sued out, and the defendant damaged thereby, he had the right to resort to a common law action or a suit upon the code bond to recover damages. Drake on Attachments, 150 to 178.

But at the time this judgment was rendered, there was no statute in force authorizing the damages of the defendant to be assessed in the attachment suit on the dissolution of the attachment. chap. 11, Gantt's Digest.

The Act of March 7th, 1867, to amend chap. 17 of Gould's Digest, under the head of attachments, provided that when the plaintiff failed in the attachment suit, the defendant might have a writ of inquiry to assess damages, and take judgment against the plaintiff and his sureties on the attachment bond, etc. Acts of 1866-7, p. 294.

But this statute was not carried into Gantt's Digest.

CHAPTER II.—ATTACHMENTS, is made up of the provisions of the civil code, and amendments, on the same subject, except the last five sections under the sub-caption of INTERPLEADER, which were taken from the Act of January 19th, 1861.

The Act of March 7th, 1867, was omitted from the Digest by the digester or examiner, upon the conclusion, no doubt, that the code makers had covered the whole subject, and that that act was repealed.

In *Pulaski County* v. *Downer*, 10 Ark., 590, it was said ": the authorities are abundant to support the proposition that where the legislature takes up a whole subject anew, and covers the entire ground of the subject-matter of a former statute, and evidently intend it as a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act provisions not embraced in the new."

That case arose upon a new fee act, in which the legislature had gone over the whole subject of fees, and omitted sections of a former act, and it was held that they were repealed, and properly omitted from the Digest of 1846-8.

The code makers not only went over the general subject of attachments, but they took up the particular subject of dissolving attachments, and provided when, how, and for what causes they might be dissolved, and the attached property discharged, and gave the right of appeal from an order sustaining or discharging an attachment; and here they stopped short, and did not provide for the inquest of damages, and judgment against plaintiff and his sureties in the attachment bond, upon the discharge of the attachment, as did the Act of March 7th, 1867. See secs. 453 to 468.

On the 10th of November, 1875, and after the judgment was rendered in the court below, in this case, the legislature passed

an act amending the attachment law, providing for an assess-
ment of damages, and judgment against the plaintiff and his
sureties in the attachment bond, on the dissolution of an attach-
ment; which may be taken as an indication of legislative
opinion that there was then no law in force containing a similar
provision.

The judgment of the court below, in this case, having been
rendered without authority of law, must be reversed, annulled,
set aside and held for naught.