## HARRISON V. LAMAR.

1. ADMINISTRAT ON : *Statute construed.*

The word "estate," in Secs. 6 and 7, *Gantt's Digest,* means the whole mass of the decedent's property, both real and personal, and if it is of less value than $300, is given by the law *proprio vigore* to the widow; or if no widow, to the children of the deceased, and an order of the Probate Court is not necessary to vest it.

2. ——————— *Order of Probate Court declaring estate in widow ; Notice to heirs; Recitals in order.*

The proceeding of the Probate Court to declare the estate in the widow is *in rem,* and no notice to the heirs is necessary ; nor is it necessary that the order recite all the jurisdictional facts.

Harrison vs. Lamar.

APPEAL from *Madison* Circuit Court.

Hon. J. M. PITTMAN, Judge.

*Gregg*, for appellant.

*J. D. Walker*, contra.

EAKIN, J. :

The pleadings in this case, as finally settled, present the case of an action at law by Roetna Lamar, one of the heirs of Young S. Lamar, deceased, to recover of John Harrison a tract of land. She rests upon her title by descent.

The defendant pleaded that the estate of said Young S. was of less value than $300 ; that he left a widow, Mary L. Lamar, in whom, by order of the Probate Court, the whole estate was vested ; that she afterwards inter-married with Garrett W. Davis and, with her husband, conveyed to defendant. Under the act of 1875, regulating this sort of action, the order of the Probate Court, and the deed of Davis and wife, were exhibited.

The first shows that on the 3d of February, 1866, upon petition of the widow, and upon its being shown to the court that the estate did not amount to the sum, in value, of $300, it was ordered that the whole estate be vested in the widow, absolutely.

The deed of Davis and wife, although executed by both, was not acknowledged by her in such manner as to be valid under the statute. To the deed and order plaintiff excepted, as evidence. The court sustained the exceptions to both, because the order did not show that the children had notice of the application ; and the deed was not acknowledged by Mrs. Davis in accordance with the statute. Defendant saved exceptions.

The cause was heard by the court, which, against the objection of defendant, permitted parol proof that the heirs were

not notified of the proceedings in the Probate Court, being at the time minors of tender age.

The defendant proved the purchase of the land from Davis. and wife; their attempt to execute the deed; his possession under it, and that the estate of said Young S. Lamar was in. fact of less value than $300. He offered to read the Probate. Court order from the record, which was refused. He then offered to read the deed, which was also rejected.

The court found for plaintiff, declaring its view of the law,. in effect, to be : That proceedings in the Probate Court of this nature, were *in rem*, and that notice to the heirs and creditors was not essential ; but that the courts could not exercise the. jurisdiction unless the estate were of less value than $800, and subject to administration ; and these jurisdictional facts should be shown affirmatively by the record before they could be of any binding force as against heirs without notice, and without. such showing might be collaterally questioned. Further, that the property claimed under the order should be specifically mentioned and described therein, or it would not pass from the. heirs without notice.

On the part of defendant it declared the law to be that the. Probate Court had power to vest the whole estate in the widow,. if it were worth less than $300, but refused to declare that it so passed by operation of the statute alone, or that the Probate Court, even on proper application, could vest *real*, as well as. personal property, in the widow. Judgment for plaintiff for a share of the lands ; bill of exceptions taken, and appeal.

Section 6 of *Gantt's Digest*, provides that upon the death of a person leaving a widow or children, and it shall be *made to appear to the court* that his "*estate*" does not exceed $300, "the court shall *make an order* that the estate *vest absolutely* in the widow or children, as the case may be," etc. This was. by act of January 2, 1851.

By an act passed two years afterwards, (Sec. 7 of *Gantt's Digest*), it was provided that upon the death of a person leaving minor children and *no* widow, and an "estate" less in value than $300, "his entire *estate* shall *pass to and vest in* his minor children, for their support and education, and the court shall not be required to appoint an administrator on such estate."

There are no grounds for drawing a distinction between real and personal property in the construction of these acts. If there were any, the "estate" must be considered as more aptly referring to real property. But under our system of administration, which regards the whole mass of property, real and personal, as assets for some purposes, in the hands of the administrator the word estate has acquired a wider application, in a popular sense, and in this sense, doubtless, the Legislature meant to use it. It means the mass of property left by decedent, and if that, in the aggregate, should be less than $300 in value, the intention of the acts, taken together, is to give it to the widow, if living, or if there be no widow, to minor children.

Notwithstanding the difference in the phraseology of the acts, which would seem to indicate that, in the widow's case, an order of the Probate Court is necessary to fix her rights, it has, nevertheless, been held that the law, *proprio vigore*, gives the right to the widow to retain in her hands the whole estate without liability to account, if it be in fact of less value than $300. *Hampton et al.* v. *Physic, adm'r.*, 24 Ark., 561.

In this case, however, there was an order of the Probate Court made in pursuance of law. It is a proceeding *in rem*, fixing the status of the property as to ownership, and declaring to all the world the course of devolution which, under the circumstances, the law gave to the property of the deceased. It did not vest the right so much as declare it, and it was not necessary that it should specify the personal property, or

describe the lands by metes, bounds or numbers.   It carried the whole 'property without reserve, leaving nothing to be ·determined with regard to its identity, but the fact that it was ·part of the estate left by decedent—a fact, in this case, neces- ·sary to sustain the claim of either party.   'The statute does not ·prescribe any notice to be given to heirs or distributees.   As ·to these small estates, they have no *prima facie* rights, the ·amount of the estate being admitted.   They are taken out of ·the course of devolution prescribed to larger ones, and there ·being no right to be divested out of them, there is no other reason for making them parties than that they should have the right to question the amount of the estate—a fact admitted ·here, or rather not contested ; and there is no reason at all for ·making them parties by notice or otherwise, to the Probate ·Court proceedings, which would not, with equal or greater ·force, apply to creditors.

Nor was it necessary that the order should recite all the ·jurisdictional facts.   Courts of Probate are courts of record, with a range of jurisdiction embracing only particular subject matters, but, within that range they are entitled to all pre- sumptions in favor of the regularity of their proceedings, ·accorded to superior courts of record.   *Borden* v. *State*, 11 ·Ark., 519 ; *Bellows* v. *Cheek*, 20 Ib., 424.   When jurisdiction ·of the *subject matter* appears, the jurisdiction of the person is not open to inquiry in a collateral proceeding.   *Sturdy* v. ·*Jacoway*, 19 Ib., 516 ; and *Borden* v. *State, supra.*

The presumption is that everything was rightly done, *Welch* v. *Hicks*, 27 Ark., 292 ; *Thorne* v. *Province*, 31 Ib., 190, unless the record affirmatively shows the contrary.   *Cook* v. *Loftin*, 31 Ib:, 567.   Overriding all this, however, is the power of courts of equity to amend orders obtained by fraud. The order does recite that it appeared to the court that the whole of the estate did not amount in value to the sum of

Harrison vs. Lamar.

$300. That showed jurisdiction of the subject matter, and the order, standing unimpeached, cannot be questioned in a collateral proceeding, nor could it be so weakened by lapse of time as to make proof of want of notice admissible in a collateral proceeding. The court erred in excluding the order in the first place, and in afterwards admitting proof tending to show want of notice.

The property, by the order, vested absolutely, in fee simple, in the widow. By her subsequent marriage soon afterwards with Davis, his marital right attached, to enjoy the property during coverture, and to have curtesy under proper conditions. These rights he might convey, and they would protect an alienee against an action of ejectment during their existence. An abortive effort of the wife to join in the conveyance defeats the object as to the interests of the wife alone, leaving those of the husband to pass. It was not necessary, however, in this case to show any interest in the defendant. The outstanding title in the wife, even if there had been no sale, would defeat the recovery of plaintiff.

The court erred in its declarations of law, and in finding for the plaintiff, and rendering judgment accordingly, as well as in sustaining exceptions to defendants exhibits to his answer.

Let the judgment be reversed and the cause remanded for a new trial.