## WILSON v. MASSIE.

### Opinion delivered December 14, 1901.

ADMINISTRATION—VESTING ESTATE.—Mansf. Dig., § 3, providing for the vesting in the widow and children of decedent's entire estate not exceeding $300 in value, was repealed by the act of April 1, 1887, providing for such allowance out of decedent's personal estate only.

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

*James H. McCollum,* for appellants.

Under Mansf. Dig., § 3, the value of both real and personal property is to be estimated in determining the rights of the widow. 33 Ark. 824; 38 Ark. 243. Section 3, Mansf. Dig., is not repealed by the act of April 1, 1887. Repeals by implication are not favored; and if two acts can be so construed that both may stand in whole or in part, it will be done. 11 Ark. 103; 23 Ark. 304; 26 Ark. 124; 28 Ark. 317; 29 Ark. 225; 41 Ark. 149; 50 Ark. 132; 53 Ark. 417; 54 Ark. 346; 56 Ark. 45; 45 Am. St. 928; 41 *id.* 663; 47 *id.* 724; 62 *id.* 764. These laws are enacted for the benefit of widows and children, and should be liberally construed. 61 S. W. 162; 46 Ark. 159; 35 Am. St. 285.

*Jobe & Hervey,* for appellees.

The act of 1887 repeals § 3 of Mansf. Dig. 38 Ark. 205; 20 Ark. 420. The later statute, covering all the ground of the former, repeals it. 29 Ark. 237; 41 Ark. 151; 10 Ark. 591; 47 Ark. 491; 65 Ark. 508; 31 Ark. 17. A later specific act controls a prior general one. 50 Ark. 132; 60 Ark. 61.

BATTLE, J. Section 3 of Mansfield's Digest reads thus: "When anyone shall die leaving a widow or children, and it shall be made to appear to the probate court that the estate of the deceased does not exceed three hundred dollars, the court shall make an order that the estate vest absolutely in the widow or children, as the case may be; and in all cases where the estate does not exceed eight hundred dollars the widow or children, as the case may be, shall be entitled to retain the amount of three hundred dollars of the property at cash price."

Section 1 of an act entitled "An act to provide allowances for widows and children out of the estates of deceased persons and for other purposes," approved April 1, 1887, is as follows: "That when any person shall die leaving a widow and children or widow or children, and it shall be made to appear to the court that the personal estate of such deceased person does not exceed in value the sum of three hundred dollars, the court shall make an order vesting such personal property absolutely in the widow and children, or widow or children, as the case may be; and in all cases where the personal estate does not exceed in value the sum of eight hundred dollars, the widow or children, as the case may be, may retain the amount of three hundred dollars out of such personal property at cash price."

And section 2 of the same act is as follows: "That, in addition to the amount mentioned in section 1 of this act, the widow shall be allowed to retain as her absolute property all the wearing apparel of the family for their own use, her wheels, loom, sewing machines, and other implements of industry, all yarn cloth, and clothing made up in the family for their own use, and such grain, meat, vegetables, groceries and other provisions as may be necessary for herself and her own and her husband's family residing with her, for a period of twelve months; also, her household and kitchen furniture, beds and bedding, sufficient for herself and family residing with her."

In *Harrison* v. *Lamar,* 33 Ark. 824, this court held that the word "estate," as used in section 3 of Mansfield's Digest, means "the mass of property left by decedent," including both real and personal, and, if that in the aggregate should be less than three hundred dollars in value, the intention of the statute was to give it to the widow if living, or, if there be no widow, to minor children.

The only question in this case is, was section 3 of Mansfield's Digest repealed by the act of April 1, 1887?

According to the construction of section 3 of Mansfield's Digest by this court, a widow would not be entitled to retain three hundred dollars of the property of her deceased husband, if the value of his entire estate exceeded eight hundred dollars in value, notwithstanding his personal estate would not be worth exceeding three hundred dollars.    The effect of that section was to deny her, in such cases, the right to take the personal property as her absolute estate.    In this respect it is in conflict with the act of April 1, 1887.    But it may be said that the act repeals section 3 of Mansfield's Digest only to that extent, and still leaves the widow with the right to take property of the value of three hundred dollars, if the entire estate of her husband does not exceed eight hundred dollars in value.    This might be true if it did not appear that the act of April 1, 1887, was enacted for the purpose of providing in all cases what property, of the value of three hundred dollars, of the deceased husband's estate the widow may take as her absolute allowance.    Does it so appear?

Section 3 of Mansfield's Digest and section 1 of the act are almost in the same language, and the latter reads more like an amendment than an independent act.    The whole subject of section 3 seems to have been in the mind of the legislature at the time the act was passed.    Such similarity of language would hardly have existed if it had not been.    It would have been strange, under such circumstances, if it had intended that she should have the right in any case to take real estate as a part of her absolute allowance, it did not say so.    But it did, by section 2 of the act, increase her allowance in the personal estate to an amount exceeding three hundred dollars.    The rule is that "where the legislature take up a whole subject anew, and cover the entire ground of the subject-matter of a former statute, and evidently intend it as a substitute for it, the prior act will be repealed thereby, although there may

be no express words to that effect, and there may be in the old act provisions not embraced in the new." *Pulaski County* v. *Downer*, 10 Ark. 588; *Mears* v. *Stewart*, 31. Ark. 17; *Dowell* v. *Tucker*, 46 Ark. 438; *Wood* v. *State*, 47 Ark. 488; *Inman* v. *State*, 65 Ark. 508. We think that this rule applies to and governs this case; and the act repealed section 3 of Mansfield's Digest.

Judgment affirmed.