6661

### *EX PARTE* ROMANS.

NEGROES—MARRIAGE—ADMINISTRATION.—A negro man and woman con-
tracting in 1865 before one not authorized by the act of 1865 to
marry negroes and a number of other witnesses to live as man and
wife, who lived together as man and wife a number of years and
were so recognized in the community, were husband and wife, and
upon his decease the woman is entitled to administer on his estate
as against one whom he afterward married.

Before PRINCE, J., Greenwood.    Affirmed.

Petition in Probate Court by Luvinia Romans for letters
of administration upon estate of Daniel Romans.    From
Circuit decree, affirming judgment of Probate Court grant-
ing her letters, Henrietta Romans appeals.

*Mr. Ellis G. Graydon,* for appellant, cites: 10 Cl. & F.,
534; 74 S. C., 407; Acts of 1865 and 1872.

*Messrs. McGhee* and *Richardson,* contra.

September 20, 1907.    The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS. Upon the death of Daniel Romans,
a negro, Luvinia Romans, claiming to be his widow, applied
to the Probate Court of Greenwood County for letters of
administration on his estate.    The appellant, Henrietta
Romans, denying that Daniel Romans and Luvinia Romans
were married, asserted the right of administration as the
lawful wife of Romans at his death.    The judgment of the
Probate Court holding Luvinia to be the true widow was
affirmed by the Circuit Court, and we can discover no
ground to doubt the correctness of the conclusion.

Appellant admits that before her own marriage to
Romans, there was a marriage ceremony in December, 1868,
by which Daniel Romans and Luvinia contracted in the pres-

ence of witnesses to be husband and wife, and that Romans and Luvinia immediately thereafter publicly entered into marriage relations which were continued until he deserted her.

The validity of Luvinia's marriage was attacked on the sole ground that the marriage was not solemnized by a clergyman, the District Judge or magistrate or any judicial officer as provided by the Act of 1865. The statute of 1865 contains these provisions on which appellant relies: "Persons of color desirous hereafter to become husband and wife, should have the contract of marriage duly solemnized. A clergyman, the District Judge, a magistrate, or any judicial officer may solemnize marriages." But the same statute also contains this provision: "Cohabitation, with reputation or recognition of the parties shall be evidence of marriage in cases criminal and civil." In addition to this, by the act of 1866 (13 Stat., 366, 29), all differences between persons of color and white persons as to the right to contract were done away with.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.