FAUCETTE *v*. PATTERSON.

Opinion delivered November 24, 1919.

1. ROADS AND ROAD DISTRICTS—ARK.-MO. HIGHWAY—CREATION AND ORGANIZATION OF.—Act No. 82, Acts of 1919, *held* to operate as a repeal of act No. 213 of 1917.

2. SAME—SAME—SAME—ROAD IN WHITE COUNTY.—Act No. 82 of 1919 was expressly repealed by act No. 128 of 1919, or so far as it affects the construction of the proposed road in White County.

3. STATUTES—REPEAL—STATUTORY REVIVOR.—Where the first repealing act operates by way of implication and does not directly or expressly repeal the original act, the constitutional provision abolishing the doctrine of statutory revivor does not apply.

4. STATUTES—REPEAL BY IMPLICATION—REVIEW.—Under Kirby's Digest, section 7796, the repeal of a repealing statute does not operate to revise the original statute unless it is expressly so provided in the last repealing statute.

5. ROADS AND ROAD DISTRICTS—ARK.-MO. HIGHWAY—CREATION AND ORGANIZATION.—A highway district was created by act 213 of 1917. This act was repealed by implication by act 82 of 1919. Act 128 of 1919 expressly repealed act 82 of 1919 with respect to White County, and provided that the proposed road through White County should be constructed under the provisions of act 213 of 1917. *Held,* act 213 of 1917 was revived by express words of act 128 of 1919, and that act 213 of 1917 is in force as far as the construction of the road in White County is concerned.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Harry Neelly,* for appellant.

1. Act No. 213, Acts 1917, was repealed by Act No. 82 (1919). It covers the whole subject-matter and clearly repeals it by implication. 76 Ark. 34; 82 *Id.* 306; 10 *Id.* 588; 27 *Id.* 419; 31 *Id.* 19; 43 *Id.* 425; 46 *Id.* 438; 47 *Id.* 488; 65 *Id.* 508; 70 *Id.* 25; 76 *Id.* 32; 1 Lewis' Sutherland Construction of Statutes, sec. 202; 6 B. Mon. 146; 40 N. J. L. 257; 105 Ark. 79; 88 *Id.* 324; 70 *Id.* 27.

2. Act 213 could not be amended by Act 128 (1919) for the reason it no longer existed, having been repealed by implication. 32 Ark. 294. It could not be revived by reference to same by title only. Art. 5, sec. 23, Const. 1874; 122 Penn. 627; 14 Hun. 438; 49 Ark. 131.

3. Act 213 is invalid because the House journals did not show the first and second readings. The allegation of the complaint as to the failure to show these readings is fatal and the act is void and the decree should be reversed with directions to overrule the demurrer.

*W. D. Davenport,* for appellee.

1. Special act No. 82, Acts 1919, does not repeal by implication act No. 213 of 1917. Repeals by implication are not favored. The acts must be upon the same subject and there must be a plain repugnancy in their provisions or the later act must cover the whole subject of the first act and embrace new provisions plainly showing that the later was intended as a substitute for the first. 92 Ark. 602; 101 *Id.* 244; 112 *Id.* 437; 123 *Id.* 187; 23 *Id.* 307; 76 *Id.* 443; 34 *Id.* 499. There must be irreconcilable conflict between the acts. 48 *Id.* 159; 56 *Id.* 45-47; 96 *Id.* 145; 120 *Id.* 530. Where there is no necessary conflict there is no implied repeal. 19 Ark. 630-633; 53 *Id.* 337; 54 *Id.* 346; 76 *Id.* 443. They must be so inconsistent that both can not have effect. 28 Ark. 317; 131 *Id.* 227; 132 *Id.* 481; 132 *Id.* 450. While these roads may have a common starting point they have an entirely different ending point, and there is no repeal by implication.

2. The act is not void because the House journal does not show the first and second reading of the bill. Article 5, section 22, of the Constitution of 1874, does not require the recording of the first and second reading of a bill on the journal, and the failure of the journal to show the reading of the bill does not render the act void. 36 Cyc., p. 950; 20 Colo. 1; 36 Kan. 545; 55 Minn. 451; 129 N. C. 275.

3. Where an act is duly signed by the Governor, deposited with the Secretary of State and published as a law it is presumed to have been duly passed unless otherwise shown. 103 Ark. 109; 131 *Id.* 291.

4. Act 128 of Acts 1919 is not a nullity by reason of the repeal of act 213 by No. 82, for act No. 82 never became a law so far as it applied to White County. See section 27 of said act. Any part of said act No. 82 that applied to White County was repealed by said act 128 before any petition and order of court could be had under act 82, and under act 82 there could have been a road district through Pulaski, Lonoke, White and Jackson Counties and which did not cover the same territory from North Little Rock to the Missouri State line without traversing the same route mentioned in act No. 213, which runs to Batesville, Arkansas.

*Ponder & Gibson, amici curiae,* for appellant.

1. The act was repealed by implication. See authorities cited by co-counsel. 36 Cyc. 1071-1072 and cases cited. The acts are repugnant and in conflict and the last act must govern. 36 Cyc. 1073, citing 57 Ark. 508; 6 *Id.* 24.

2. The later act covers the whole subject and embraces new provisions and the former is repealed, as the later act was intended as a substitute. 36 Cyc. 1078 and cases cited; 82 Ark. 103; 80 *Id.* 411; 65 *Id.* 508; 47 *Id.* 488. Comparing the two acts they are seen to be clearly repugnant. 123 Ark. 187; 214 S. W. 23. Act 213 of 1917 was repealed by No. 82 of 1919. The attempt to remake act 213 by reference to its title in act 128, Acts 1919, is futile and does remake the statute.

HART, J.   C. C. Faucette, as a land owner in White County, Arkansas, within the limits of the North Arkansas Highway Improvement District No. 1, as laid out by act 213 of the Acts of the General Assembly for the year 1917, brought suit in equity against the commissioners of said highway improvement district for the purpose of enjoining them from proceeding with the construction of the road and from issuing bonds and collecting taxes.

The court sustained a demurrer to the complaint and, plaintiff declining to plead further, his complaint was dismissed for want of equity.   The plaintiff has appealed.

The facts as alleged in the complaint are as follows:

The Legislature of 1917 passed an act creating North Arkansas Highway District No. 1.   The district was formed for the purpose of improving a public road beginning east of the corporate limits of Argenta, or North Little Rock, and extending through the counties of Pulaski, Lonoke, White, Jackson and Independence to the corporate limits of Batesville.   The act contained thirty-seven sections.   It provided for the appointment of commissioners, the adoption of plans for the construction of the road, the assessment of benefits, and the collection of taxes to pay for the cost of construction.   Acts of 1917, Vol. 2, p. 1149.

The Legislature of 1919 passed an act to create the Arkansas and Missouri Highway Districts, which was termed special act No. 82.   The purpose of this act was to secure the construction of a highway from the city of North Little Rock, Arkansas, through the counties of Pulaski, Lonoke, White and Jackson.   Four improvement districts were created by the act; one for each of the above named counties.   The act contained twenty-eight sections and provided for the construction of the road, the assessment of benefits and the collection of taxes to pay for the same.   The act contained the emergency clause and was approved February 14, 1919.   At the same session of the Legislature special act No. 128, entitled an act to facilitate the building of a highway between Little Rock and the Missouri State line was passed.

It contained the emergency clause and was approved February 26, 1919.

Section 1 of the latter act provides that the Arkansas and Missouri Highway District in White County created by act No. 82 of the 1919 session, be abolished, in so far as White County is concerned, and it further provides that the proposed highway through White County shall be constructed under the provisions of act 213 of the General Assembly of 1917 above referred to.

Section 2 provides that the proposed highway from North Little Rock through Pulaski, Lonoke and Jackson counties be constructed under the terms of act No. 82 of the session of 1919 above referred to and that act 213 of the session of 1917 above referred to be repealed in so far as it relates to the construction of the highway through Pulaski, Lonoke and Jackson counties.

It is the contention of counsel for the plaintiff that special act No. 82 of the acts of the session of 1919 repeals by necessary implication act No. 213 of the Acts of 1917. This contention is based upon the ground that the later act makes a revision of the former one and frames a new statute relative to the same subject-matter and that from the framework of the act the Legislature designed a complete scheme for the construction and improvement of the road from the corporate limits of North Little Rock to a point in Jackson County where it would connect with another improved road running into the State of Missouri.

It will be noted that special act No. 82 of the session of 1919 is expressly repealed so far as it affects the construction of the road in White County by special act No. 128 passed at the same session and the repealing act provides that the proposed highway through White County shall be constructed under the provisions of act No. 213 of the General Assembly for the year 1917.

It is claimed by counsel for the plaintiff that the act in this respect is unconstitutional because it is in violation of article 5, section 23, of the Constitution of 1874. The section is as follows: "No law shall be revived,

amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

(1)    Section 7796 of Kirby's Digest is as follows: "When a statute shall be repealed and the repealing statute shall afterward be repealed the first statute shall not thereby be revived unless by express words."    Act No. 82 of the Acts of 1919 revises the whole subject-matter of act No. 213 of 1917, and is evidently intended as a substitute for it, although it contains no express words to that effect, and we think operates to repeal it. *Mears* v. *Stewart,* 31 Ark. 17, and *West. Union. Tel. Co.* v. *State,* 82 Ark. 103.

Act No. 82 of the session of 1919 does not expressly repeal act No. 213 of the Acts of 1917 and it may be assumed that the earlier act is repealed by necessary implication by the passage of the later act and still the decision of the chancellor in sustaining the demurrer to the complaint was correct.

(2-3)    It will be borne in mind that act No. 82 of the session of 1919, was expressly repealed by act No. 128 of the same session in so far as it affects the construction of the proposed road in White County.    Where the first repealing act operates by way of implication and does not directly or expressly repeal the original act, the constitutional provision abolishing the doctrine of statutory revivor does not apply. *Home Ins. Co.* v. *Taxing Dist.,* 4 Lea (Tenn.) 644; *State* v. *King,* 104 Tenn. 156, 57 S. W. 150; *Zickler* v. *Union Bank & Trust Co.,* 104 Tenn. 277, 57 S. W. 341, and *Manchester Twp. Supervisors* v. *Wayne Co., Commrs.,* 257 Penn. 442, Ann. Cas. 1918 B.

In *Home Insurance Co.* v. *Taxing District, supra,* the court had under consideration a provision of the Constitution of Tennessee that, "All acts which repeal, revive or amend former laws shall recite in their caption, or otherwise the title or substance of the law repealed, revived or amended, and held that it did not apply to acts which by their positive provisions operate as a repeal of

previous acts by necessary implication. Judge Cooper, who delivered the opinion of the court, said: "The question, in this view, is not one altogether of first impression. Several of the State Constitutions contain similar provisions; that is, provisions designed for the same purpose, some of them couched in stronger language. A common provision in many of these Constitutions is thus worded: 'No act shall ever be revived or amended by mere reference to its title, but the act revived or section amended shall be set forth or published at full length. Cooley, Const. Lim., p. 151, n. 1.' "

"It has been uniformly held," says Judge Cooley, "that statutes which amend others by implication are not within these constitutional provisions, and that it is not necessary that they even refer to the acts or sections which by implication they amend."

In conclusion, Judge Cooper said: "That the constitutional provision under consideration does not apply to repeals by implication seems to be sustained by reason, as it certainly is by authority."

(4) In *People* v. *Mahaney,* 13 Mich. 481, the court held that a law which does not assume in terms to revise, alter or amend any prior act, but by various transfers of duties has an amendatory effect by implication, although it expressly repeals all inconsistent acts, does not conflict with section 25 of article 4 of the Constitution. Section 25, article 4, of the Michigan Constitution is exactly like section 23, article 5, of the Arkansas Constitution.

The court further held that it is not the meaning of this provision of the Constitution that, upon the passage of each new law, all prior laws which it may modify by implication shall be re-enacted, and published at length as modified. Judge Cooley, who delivered the opinion of the court, in discussing the subject said: "This constitutional provision must receive a reasonable construction, with a view to give it effect. The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the pub-

lic, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act which purported only to insert certain words, or to substitute one-phrase for another in an act or section which was only referred to but not republished, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the Constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designed to be remedied by this provision, and cannot be held to be prohibited by it without violating its plain intent."

To the same effect see Cooley, Const. Lim. (7 Ed.), pp. 215 and 216. The contrary rule has been announced in *Stirman* v. *State,* 21 Texas 734. In that case and other cases of like character it is held that the law makes no distinction between express and implied repeals. However after due consideration we are of the opinion that the rule announced by Judge Cooley and by Judge Cooper should be followed. Both of them were judges of great learning, and their memories are reversed by the legal profession throughout the United States. Moreover, the holding is in accord with an opinion of our own court in *Scales* v. *State,* 47 Ark. 476. The opinion in that case was delivered by Chief Justice Cockrill, a distinguished judge of this court, and, in discussing the provision of the Constitution under consideration, he said that the provision does not prohibit the repeal of the law by reference to its title, and the prohibition can be extended by implication only. The learned judge further said that the power of the Legislature is not to be cut off by inference save where the inference is too strong to be resisted. In this connection it may be observed that the common law rule is that if a statute that repeals another, is itself repealed afterwards, the first statute is thereby revived, without any formal words for that purpose. *Commonwealth* v. *Churchill,* 43 Mass. 118, and case note to Ann.

Cas. 1918 B at p. 281.   By statute it is now provided, in effect in this State that the repeal of a repealing statute shall not operate to revive the original statute unless it is expressly so provided in the last repealing statute. Kirby's Digest, section 7796.

In the case at bar the original act being act 213 of the Acts of 1917 was revived by express words in act No. 128 of the session of 1919, which in express terms repeals act No. 82 of the session of 1919, in so far as White County is concerned.   It follows that the act No. 213 of the Acts of 1917 is in force so far as the construction of the road in White County is concerned.   Hence the court was correct in sustaining the demurrer to the complaint, and after the plaintiff declined to plead further, in dismissing his complaint for want of equity.   Therefore the decree will be affirmed.