BENEUX *v.* BROWN SHOE COMPANY.

4-4014

Opinion delivered November 4, 1935.

*Starbird & Starbird,* for appellants.

*C. R. Barry,* for appellees.

MEHAFFY, J. H. A. Beneux, a merchant of Mulberry, Arkansas, died on September 30, 1927, leaving his widow, Mrs. Lillian Beneux, and R. J. Beneux, Kobel Beneux and F. L. Beneux, his only heirs at law. He owned a stock of merchandise and some other property in and

around Mulberry. After his death there was what the parties call a family agreement; that is, the three sons and widow, with several of the larger creditors, agreed that the business should be continued, and an effort made to pay the indebtedness. This was acquiesced in by the smaller creditors.

No administrator was appointed at the time, and the business was carried on in the name of H. A. Beneux Estate. On January 12, 1931, the appellant, R. J. Beneux, was appointed administrator of the estate of H. A. Beneux, deceased, and this suit was begun in July, 1931.

Section 1 of Crawford & Moses' Digest reads as follows: ''When all the heirs of any deceased intestate and all persons interested as distributees in the estate of such intestate are of full age, it shall be lawful for them to sue for, recover and collect all demands and property left by the intestate, and to manage, control and dispose of such estate without any administration being had thereon in all cases where the creditors of such estate consent or agree for them to do so, or where they have paid or satisfied all valid debts and demands against such intestate, or where such intestate was, at the time of his death, under no legal liability, either matured or incipient, to any person; and in every such case after they have taken such control and management of the estate no letters of administration shall be granted thereon, or, if granted, the same shall, on their application, be revoked.''

It appears from the evidence in this case that all the persons interested as distributees in the estate of H. A. Beneux were of full age at the time they entered into the agreement to continue the business. It also appears that the creditors of the estate consented and agreed to this arrangement.

The business was conducted in this manner from September 30, 1927, to January 12, 1931. During this time all of the debts that existed at the time of the death of H. A. Beneux had been paid. While it was lawful under § 1 above quoted to manage and wind up the business as the parties undertook to do, they could not conduct the business or wind it up in the name of the estate,

and the estate would, in no event, be liable for any debts created after the death of H. A. Beneux.

The section of the Digest above quoted does not provide for the estate continuing in business, and does not provide that the estate may sue or be sued, but it provides for the heirs and all persons interested as distributees in the estate to manage, control and dispose of the estate without administration.

"Estate," as used by the parties in this case, means property. "But under our system of administration, which regards the whole mass of property, real and personal, as assets for some purposes, in the hands of the administrator the word 'estate' has acquired a wider application, in a popular sense, and in this sense, doubtless, the Legislature meant to use it. It means the mass of property left by decedent, and if that, in the aggregate, should be less than $300 in value, the intention of the acts taken together is to give it to the widow, if living, or, if there be no widow, to the minor children." *Harrison* v. *Lamar,* 33 Ark. 824; *Wilson* v. *Massie,* 70 Ark. 25, 65 S. W. 942; *Connertin* v. *Concannon,* 122 Ore. 387, 259 Pac. 290; 21 C. J. 914.

The estate of H. A. Beneux meant simply the property left by him at his death, and, of course, property could not make a contract or bind itself, and all of this property for which suits were brought was sold to the estate, it is said, before any administration. The property was managed and the debts contracted by R. J. Beneux. It is true that the other heirs agreed to it, and also the creditors agreed to it, but the other heirs had nothing to do with the management of the property. The estate, being merely the property of the deceased, of course, is not liable.

Mrs. Lillian Beneux worked in the store for R. J. Beneux, but had nothing to do with the management of the business. The chancery court found in her favor, and there is no appeal from that decree.

R. J. Beneux personally conducted the business, contracted the debts, and is therefore liable to the creditors who sold the goods to him.

It follows that the decree against R. J. Beneux as administrator should be reversed, and the case dismissed, and the decree against R. J. Beneux, personally, affirmed.

It is so ordered.