MORRIS *v.* ARRINGTON, ADMINISTRATRIX.

4-8921                                221 S. W. 2d 406

Opinion delivered June 20, 1949.

---

*C. C. Wait,* for appellant.

*J. M. Smallwood,* for appellee.

ED. F. MCFADDIN, Justice. This appeal involves a claim against the estate of Harry Morris, who died on April 28, 1946, at the age of 62 years. He was a bachelor, and for many years lived at the home of his sister, Mrs. C. W. Morgan, whom he had named as beneficiary in a life insurance policy for the face amount of $1,000. Mrs. Morgan predeceased Harry Morris, and he failed to designate another beneficiary, so that the proceeds of the policy were paid to Morris' administrator. Thereupon the husband and heirs of Mrs. Morgan (there being no administration on her estate) filed claim against Morris' estate on account of room and board for the period of three years immediately preceding his death. Appellants, being the other heirs of Morris, resisted the claim. The Probate Court allowed the claim in the sum of $720, and appellants— in seeking to reverse the judgment— present the three points now to be discussed.

I. *Appellants Insist that This Claim Can be Filed Only by an Administrator of the Estate of Mrs. Morgan.* There was no administration on Mrs. Morgan's estate, and this claim was filed by the husband and children of Mrs. Morgan. Such procedure is sanctioned by § 1, Pope's Digest,[1] which reads in part: ''When all the heirs of any deceased intestate and all persons interested as distributees in the estate of such intestate are of full age, it shall be lawful for them to sue for, recover and

---

[1] See § 62-104 Ark. Stats of 1947.

collect all demands and property left by the intestate,
. . . .''

See, also, Beneux v. Brown Shoe Co., 191 Ark. 579, 87
S. W. 2d 28. The affidavit to the claim against the estate
of Harry Morris is in the language of § 101, Pope's
Digest.[2] So we disallow the appellants' first contention.

II. *The Claimants as Witnesses.* At the trial in the
Probate Court Mr. Morgan and two of Mrs. Morgan's
daughters—all three witnesses being claimants—testified
as to the amount of the claim and to statements made by
the deceased. Appellants insist that the testimony of
each of these three witnesses violates § 2 of the schedule
of our Constitution, which reads in part: ''. . . in
actions by or against executors, administrators or guard-
ians in which judgment may be rendered for or against
them, neither party shall be allowed to testify against
the other as to any transactions with or statements of
the testator, intestate or ward, unless called to testify
thereto by the opposite party.''[3]

We agree that the evidence of Mr. Morgan and his two
daughters should be excluded. Probate appeals are tried
in this court *de novo,* and we consider only legally com-
petent evidence in arriving at our decision, so we dis-
regard the excluded testimony.[4]

III. *The Sufficiency of the Evidence.* With the
incompetent evidence excluded, we come then to the suf-
ficiency of the remaining evidence. Charles Wilson was
a business associate of the deceased, Harry Morris, and
was a legally competent witness. Wilson testified that
for many years Morris boarded at the home of his sister,
Mrs. Morgan; that Morris told him that ''he wanted to
take care of her and pay her for the trouble she had gone
to in taking care of him.'' Wilson also testified that he
knew another person similarly situated who had been
paying $15 per week for room and board during the

---

[2] See § 62-1008 Ark. Stats. of 1947.

[3] See, also, Cash v. Kirkham, 67 Ark. 318, 55 S. W. 18; Davis
v. Nipper's estate, 207 Ark. 83, 179 S. W. 2d 183; and see, also,
annotation in 155 A. L. R. 961.

[4] Campbell v. Hammond, 203 Ark. 130, 156 S. W. 2d 75 and see
Davis v. Nipper's estate, 207 Ark. 83, 179 S. W. 2d 183.

preceding two or three years. The claim, here, was filed for $1,440, being room and board at $40 per month for three years. There was evidence, however, that Morris had provided some of the grocery items from time to time; so the Probate Court allowed the claim for $720, and rendered judgment for that amount. Appellants say that the filing of the claim for room and board was an "afterthought", and an effort to obtain the insurance money which failed to come to Mrs. Morgan since she predeceased the insured. Even so, the claim was duly and properly filed, and there was ample evidence that a claim for room and board was justly due and owing, and that the deceased intended for Mrs. Morgan to be paid. We cannot say that the judgment is contrary to the preponderance of the evidence.

Affirmed.