COOGLER *v.* DORN.

5-1960                    328 S. W. 2d 506

Opinion delivered November 9, 1959.

*George Howard, Jr.,* for appellant.

*James C. Cole* and *Ed F. McDonald,* for appellee.

SAM ROBINSON, Associate Justice. This is an appeal from an order dismissing appellant's petition for determination of heirship.

Grant Monts, a Negro resident of Grant County, Arkansas, died in February, 1926, at the age of 45. At

death he owned 120 acres of land in Grant County upon which he was living. Following his death one Adoria Ludiway Monts, who allegedly was Grant Monts' widow, continued to live on said land until her death on September 4, 1957.

Shortly after Adoria's death, Veltee Cole, a granddaughter of Adoria, filed a petition for appointment as administratrix of the estate of Grant Monts, stating that appellees, Jethrow Dorn and James Davis, were the sole surviving heirs of Grant Monts. This was based on the allegation that appellees are the sons of Torpelia Monts Davis, deceased daughter of Grant and Adoria Monts. Thereafter Henry Mays, Veltee Cole's father, filed a petition for appointment as administrator in succession to Veltee Cole, which was granted.

Subsequently Veltee Cole, through her father as guardian, filed a claim in the amount of $7,280 against the estate, alleging she had an agreement with appellees as sole heirs of Grant Monts whereby she would be paid by the estate for caring for Adoria, Grant Monts' widow.

On April 28, 1958, this claim was allowed in the amount of $2,000. In allowing same the court found that appellees were the legal heirs of Grant Monts and as such they entered into the alleged agreement with Veltee Cole to care for Adoria Monts as Grant Monts' widow.

On May 13, 1958, appellant Donnie Coogler filed a petition for determination of heirship as provided in Ark. Stat. § 62-2914. He alleged that he was a nephew of Grant Monts and as such was the sole surviving heir; that appellees claim to be heirs of Grant Monts; that decedent owned certain land in Grant County; and that the net value of the estate was approximately $5,000. The petition asked that the court set a hearing for same in order that notice thereof could be given under paragraph (c) of Ark. Stat. § 62-2914 and that appellant be declared the lawful heir of Grant Monts. After two hearings on the petition, the court took the case under advisement and on February 6, 1959, entered an order dismissing appellant's petition.

Three grounds are argued for reversal:

First, it is contended that the court erred in dismissing appellant's petition. Appellant's principal argument is that Grant Monts and Adoria Ludiway Monts were never married and for that reason appellees would not be the grandchildren and legal heirs. Testimony showed that Grant Monts came to Arkansas from South Carolina about 1906. Adoria came to Grant County about 1910. They lived together as man and wife from the time of Adoria's arrival until Grant's death. Following his death Adoria lived on the land and exercised all the rights of a widow, with the knowledge of both the appellant and appellees. There was testimony offered by appellant to the effect that Adoria arrived in 1910 with four children, the youngest of whom was appellees' mother; that these were the children of Adoria and not of Grant; that the children started using the name Monts when they started in school; that both Grant and Adoria had admitted on several occasions that they were not married; and that acts of ownership of the land by Adoria after Grant's death were done only after permission of appellant had been obtained.

There is strong evidence of a marital relationship in the record. First of all, before coming to Arkansas both Grant and Adoria lived in South Carolina, where common law marriage is recognized. *Ex parte Romans,* 78 S. C. 210, 58 S. E. 614; *Jackson* v. *United States,* 14 F. Supp. 132. When Adoria and children arrived from South Carolina, they were met at the train by Grant and went home with him. From that moment on Grant and Adoria lived together as husband and wife for sixteen years. During this time the children went by the name Monts and Grant cared for them and held them out to be his own. Several instruments were introduced regarding mortgaging and leasing of the land, where Adoria executed same as Grant's wife and relinquished dower. One instrument, an oil and gas lease on this same land, was executed on July 1, 1942, by Adoria Monts as widow and Torpelia Monts, daughter of Grant Monts, deceased. Where there is cohabitation appar-

ently matrimonial, a strong presumption of marriage arises which increases with the passage of time, during which the parties lived together as husband and wife, especially where the legitimacy of a child is involved. This rule was recognized by this Court in *Martin* v. *Martin,* 212 Ark. 204, 205 S. W. 2d 189; see also *Locket* v. *Adams,* 212 Ark. 899, 208 S. W. 2d 428. The burden is on one claiming otherwise to prove there was no such marriage. See *Bruno* v. *Bruno,* 221 Ark. 759, 256 S. W. 2d 341, at page 764, and cases cited therein.

The evidence before the lower court established the presumption of a valid marriage between Grant and Adoria Monts. The necessary result is the relationship of the appellees as grandchildren of Grant Monts. In order to disprove appellees' right to inherit, appellant had the burden of overcoming the presumption of marriage. We cannot say the probate judge erred in finding that appellant had not discharged this burden.

Next the appellant says the court erred in permitting appellees to file a response to appellant's petition and to offer testimony. This contention is based on the fact that notice of the date of hearing was received by appellee James Davis by registered mail on May 17, 1958. Appellees appeared at the hearing on June 20, 1958, without having filed a response, and at a second hearing on July 16, 1958, the court allowed appellees to dictate a response into the record over the objection of appellant.

Appellant argues that according to Ark. Stat. § 62-2004(e), Ark. Stat. § 27-1135 controls the time within which an answer to the petition should have been filed. Under § 27-1135 the appellees would have been allowed only 20 days to answer. However, the first sentence of § 62-2004(e) is as follows: "Procedure and rules of evidence in probate court, except as in this Code otherwise provided, shall be the same as in courts of equity." Ark. Stat. § 62-2914, setting forth the procedure in petitions for determination of heirship, at paragraph (c), states: "Upon the filing of a petition, the court shall fix the time for the hearing thereof, notice

of which shall be given to . . ." and then follows the persons to whom the notice should be sent. In addition, Ark. Stat. § 62-2011, which pertains to the general provisions governing all probate matters, is as follows: "An interested person, on or before the day set for hearing, may file written objections to a petition previously filed. Upon special order or general rule of the court, objections to a petition must be filed in writing as a prerequisite to being heard by the court." Under these sections all persons desiring to be heard would have the right to appear at said hearing, as did the appellees in the instant case, unless by order or general rule the court required a written response. The record contains no such order or rule.

Finally appellant maintains the court erred in sustaining the objection to certain testimony. Appellant challenges the ruling of the court in not allowing testimony offered by two of his witnesses to the effect that Grant and Adoria were not married. There is ample unchallenged evidence in the record on this same point. We try appeals from probate court *de novo* and consider the competent testimony regardless of the ruling of the trial court on the above evidence. *Suits* v. *Chumley, Administrator,* 218 Ark. 488, 236 S. W. 2d 1001; *Walsh* v. *Fairhead, Executrix,* 215 Ark. 218, 219 S. W. 2d 941; *Morris* v. *Arrington, Administratrix,* 215 Ark. 564, 221 S. W. 2d 406.

Affirmed.