## N. E. GOODE, Jr. *v.* FIRST NATIONAL BANK OF CONWAY, ARKANSAS

CA 80-27                         600 S.W. 2d 436

Court of Appeals of Arkansas
Opinion delivered June 11, 1980
Released for publication July 2, 1980

*William C. Brazil*, for appellant.

*Larry E. Graddy*, for appellee.

GEORGE HOWARD, JR., Judge. J. W. Douglas and Gloria Jean Douglas were indebted to N. E. Goode, Jr., in the sum of $7,066.76. Goode, however, agreed to accept $3,000.00 from proceeds to be derived from a scheduled sale of real property, owned by Douglas, in full satisfaction of his claim.

Appellee, who held a judgment representing a deficiency in the sale of an automobile and farm equipment which Douglas purchased and appellee had financed and later repossessed, upon learning of the scheduled sale filed an attachment against the real estate in order to secure its deficiency judgment.

In order to avoid cancellation of the scheduled sale, appellant agreed to give appellee $1,000.00 of the $3,000.00 he was to receive from the proceeds, providing appellee would withdraw its attachment. After appellant executed a draft to appellee for $1,000.00, appellee withdrew its attachment. But appellant immediately stopped payment on the draft.

Appellee instituted an action on the draft and recovered a $1,000.00 judgment against appellant.

For reversal, appellant argues that he executed the draft under economic duress in that he did not execute the draft voluntarily. Consequently, argues appellant, the judgment should be set aside and held for naught.

The issue of economic duress is raised for the first time at the appellate level. Appellant did not plead economic duress as a defense below. It is universally recognized that an affirmative defense must be pled at the trial level, otherwise it is waived. The trial court was never afforded an opportunity to consider economic duress as an issue. *See:* Rule 8(c) of Arkansas Rules of Civil Procedure.

Affirmed.