Oneta ALLEN, Fletcher Harold ALLEN & Aleta M. HAMLIN *v.* Jean WALLIS

83-64                                   650 S.W.2d 225

Supreme Court of Arkansas
Opinion delivered May 2, 1983
[Rehearing denied May 31, 1983.]

*Jack M. Lewis,* for appellants.

*Dan Stripling,* for appellee.

DARRELL HICKMAN, Justice. This is an appeal from the Probate Court of Van Buren County, Arkansas, which found the appellants, the three children of Fletcher Haywood Allen, were not Allen's legitimate children, and, therefore, not lawful heirs of Allen's uncle, Wager Kirkwood, who died intestate in 1979. The judge held the appellee, Jean Wallis, to be the only legitimate child of Allen.

The probate judge based his decision on two erroneous premises: The first was that the appellants' claim accrued before the law was changed allowing illegitimtes to inherit; the second error was holding that the appellants had to prove their parents were married by clear, cogent, and convincing evidence. We would uphold his decision even though the wrong reasons were used, if he had reached the right result. But since we find by a preponderance of the evidence that the parents were married and that the appellants were entitled to inherit through their father pursuant to Ark. Stat. Ann. § 61-141 (Supp. 1981), we reverse the judgment.

The appellants' parents had lived together about seventeen years, holding themselves out as husband and wife. There is no doubt about that; but also there is no doubt the appellants could not produce a marriage certificate. They had three children: Oneta Allen, Fletcher Harold Allen, and Dixie Aleta Marie Hamlin.

Allen lived in Texas with the children's mother for a time in 1943, and Texas is a state which recognizes common-law marriages. They lived in Arkansas from 1944-1947, and from 1948 until 1961, when they separated. Fletcher Allen died in 1969.

Apparently it was at Fletcher Allen's death that his daughter, Jean Wallis, a child of a prior marriage, learned that her father had other children. Mr. Allen's uncle died in 1979 and an administrator was appointed. By the law of

descent and distribution one-half of his estate would go to Fletcher Allen's children and one-half to other heirs. It is only the half to go to Fletcher Allen's children that was disputed. The appellee filed a petition for the court to determine heirs and the appellants were served notice. At this time Aleta was twenty-six years old, Fletcher was twenty-one, and Oneta was twenty.

The facts are largely undisputed. Appellant Fletcher Harold Allen said he never knew his parents were not married. The birth certificates of all three children showed Fletcher Allen as the father; two of the certificates had "Mrs. Fletcher Allen" and "Iva Allen" as the mother. The appellants conceded that no certificate of marriage could be produced. Testimony was offered that the Allens lived in Texas in 1947 and held themselves out as husband and wife.

In 1948 Fletcher Allen mailed Iva a postcard in Indiana, a state which recognizes common-law marriages, and addressed it to "Mrs. Fletcher Allen." In Clarksville, Arkansas, a newspaper announcement appeared announcing the birth of Dixie Aleta Marie, daughter of Mr. and Mrs. Fletcher Allen, in 1953.

The probate judge denied the claim on the two premises we have recited, but he found unequivocally that the appellants were indeed the children of Fletcher Allen. However, he held that they could not inherit as illegitimate children pursuant to Ark. Stat. Ann. § 61-141 because their claim was barred by our decision in *Frakes* v. *Hunt,* 266 Ark. 171, 583 S.W.2d 497 (1979), which held that *Trimble* v. *Gordon,* 430 U.S. 762 (1977), which allowed illegitimates to inherit, could not be applied retroactively and Fletcher Allen had died in 1969. This was wrong because the children did not become heirs of their uncle until the uncle's death in 1979, and not at the death of their father in 1969. *Lucas* v. *Handcock,* 266 Ark. 142, 583 S.W.2d 491 (1979). Even so, our disposition of the case rests on the fact that there was a preponderance of the evidence that the Allens had a marriage according to Texas law.

The probate judge found that the appellants had not proved the common-law marriage by clear, cogent and

convincing evidence. That was an incorrect statement of the appellants' burden. The appellants need only show the marriage by a preponderance of the evidence. *See Evatt* v. *Miller,* 114 Ark. 84 (1914). We find that they met their burden.

A marriage by "common-law" is recognized in Texas according to Tex. Code Ann. § 1.91 (a) (2) (b):

(a) In any judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:

(2) they agreed to be married, and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

(b) In any proceeding in which a marriage is to be proved under Subsection (a) (2) of this section, the agreement of the parties to marry may be inferred if it is proved that they lived together as husband and wife and represented to others that they were married.

Every bit of the evidence supports the contention that the parties agreed to live together as husband and wife and held themselves out as such. Further in *Coogler* v. *Dorn,* 231 Ark. 188, 328 S.W.2d 506 (1959), we said:

Where there is cohabitation apparently matrimonial, a strong presumption of marriage arises which increases with the passage of time, during which the parties lived together as husband and wife, especially where the legitimacy of a child is involved. This rule was recognized by this Court in *Martin* v. *Martin,* 212 Ark. 204, 205 S.W.2d 189. The burden is on one claiming otherwise to prove there was not such marriage.

Such a finding makes the appellants the legitimate children of Fletcher Allen and, therefore, his lawful descendants, entitled to inherit from his uncle's estate.

Over the objections of the appellants a decree from the Van Buren Chancery Court was introduced and it concerned

a deed Fletcher Allen executed in 1965 after he and Iva separated. Iva claimed that she and Fletcher Allen had been married and that she had a one-half interest in the land deeded. The chancellor, in that case, found that no marriage existed, but that Iva had owned the land with Allen as a tenant-in-common, and awarded her $5,000.

The appellee argued below that the 1970 decree collaterally estopped the appellants' claim their parents were married. Neither res judicata nor collateral estoppel was pleaded and they are both affirmative defenses which must be pleaded. *Kendrick* v. *Bowden,* 211 Ark. 196, 199 S.W.2d 740 (1947). The trial court specifically did not rely on the decree in his judgment. Therefore, we cannot rely on the decree as controlling on the issue.

Reversed and remanded.