Bruce P. BRIDGES *v.* Benita C. BRIDGES
Charles Paul Bridges, et ux. *v.* Bruce P. Bridges and
Benita Bridges (Rimmer)

CA 87-290                               750 S.W.2d 412

Court of Appeals of Arkansas
Division II
Opinion delivered June 1, 1988
[Rehearing denied June 29, 1988.]

148

*Law Offices of Ronald L. Griggs*, by: *Ronald L. Griggs*, for

appellant.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Floyd M. Thomas, Jr.*, for appellees.

JAMES R. COOPER, Judge. This appeal arises from a foreclosure action and an action to enforce a divorce decree which were consolidated by agreement of the parties. On appeal the appellants, Bruce Bridges and Charles and Betty Bridges, argue three points for reversal: that the chancery court was without jurisdiction to alter the divorce decree because it was *res judicata*; that the chancery court was without jurisdiction to modify the divorce decree under ARCP Rule 60(b); and that the chancellor abused his discretion in the foreclosure action when it disallowed some expenses incurred by the appellants, Charles and Betty Bridges. We affirm.

The record reflects that Charles and Betty Bridges loaned their son, Bruce Bridges, and his wife, appellee Benita Bridges, $50,000 to purchase a home. Bruce and Benita signed a note which provided for payments of $200.00 per month with no interest unless they defaulted on the loan.

On June 25, 1984, Benita and Bruce were divorced in the Chancery Court of Union County. According to the terms of the decree, Benita was to have possession of the house until the children were grown or until she remarried. She was also responsible for the monthly note payments, keeping the house insured, maintaining the property, and paying the taxes. Upon the sale of the house, the proceeds were to be divided equally.

On September 2, 1986, Charles and Betty Bridges filed a foreclosure action against Bruce and Benita. Benita filed a counterclaim against Bruce alleging that her property rights were damaged by Bruce's failure to make the note payments during the time he was in possession of the house and that she was entitled to damages she may have suffered as a result of the foreclosure. By agreement of the parties, both actions were consolidated and a hearing was held on January 14, 1987. However, prior to the date of trial, the home was sold in a private sale for $70,000.

Because the appellants have not challenged the sufficiency of the evidence, only the facts necessary to the resolution of the issues will be recited. The chancellor found that, while Benita

may have defaulted in her responsibility to make the note payments on the house, Bruce knew that his parents planned to begin charging interest on the note and later to foreclose on the house and that he did nothing to mitigate damages. The chancellor also found that because of Bruce's failure to mitigate damages the equity in the house was reduced in the amount of $8,559.61, and Bruce was ordered to bear one-half of the amount of that reduction.

The appellants first argue that the chancellor did not have jurisdiction to award Benita a greater amount than Bruce from the sale proceeds because the divorce decree provided that the proceeds from the sale of the house were to be divided equally. It is the appellant's contention that any issue concerning the division of the proceeds of the house was barred by *res judicata.*

From the record, it appears that the defense of *res judicata* was not raised to the trial court. Rule 8(c) of the Arkansas Rules of Civil Procedure provides that a party must affirmatively plead some defenses. *Res judicata* is specifically listed as an affirmative defense which must be pled. *Allen* v. *Wallis,* 279 Ark. 149, 650 S.W.2d 225 (1983); *Kendrick* v. *Bowen,* 211 Ark. 196, 199 S.W.2d 740 (1947). Since the appellants did not raise the defense of *res judicata* to the trial court, we will not consider the issue. We do not consider issues raised for the first time on appeal. *Goode* v. *First National Bank of Conway,* 269 Ark. 755, 600 S.W.2d 436 (Ark. App. 1980).

The appellant next argues that the chancery court could not modify the divorce decree because to do so would violate ARCP Rule 60(b), which provides:

> (b) Ninety-Day Limitation. To correct any error or mistake or to prevent the miscarriage of justice, a decree or order of a circuit, chancery or probate court may be modified or set aside on motion of the court or any party, with or without notice to any party, within ninety days of its having been filed with the clerk.

It is the appellant's contention that since 90 days had passed since the filing of the divorce decree, the chancery court did not have the authority to modify the divorce decree.

However, this is not a case in which the divorce decree

was modified. This case began when the appellants Charles and Betty Bridges filed a foreclosure action, and the proceeds from the sale of the house were divided pursuant to that action. The chancellor abided by the decree and divided them evenly. However, he also found as a matter of fact that Bruce Bridges had been at fault for the diminished value of the equity in the house and subtracted that from his share of the proceeds and credited them to Benita. Although we review chancery cases *de novo*, a chancellor's findings of fact will not be disturbed on appeal absent a showing that they were clearly erroneous. *Harris* v. *Milloway*, 9 Ark. App. 350, 660 S.W.2d 174 (1983). We cannot say that the chancellor's findings were clearly erroneous because Bruce had signed the note and knew of its terms, he was in possession of the house during part of the period of time in question, and he knew that his parents intended to start charging interest on the house and yet he did nothing to prevent the note from becoming delinquent.

The appellants' last argument concerns some expenses that the appellants claimed they had incurred during the foreclosure which the chancellor refused to charge against the proceeds of the house. The appellants argue that they are entitled to attorney's fees, reimbursement for insurance premiums they paid on the house, the cost of an amortization schedule, the costs associated with changing the locks, and repairs to the roof and fireplace.

At trial, Benita testified that the leak around the roof and fireplace had been there since they built the house, and was caused by improper installation of the flashing. Charles testified that he purchased insurance on the house because Benita had allowed the policy to lapse. However, Benita testified that she let the old insurance lapse because she had purchased new insurance with a different company and she produced the policy at trial. Charles also testified that the attorney's fees were "for mostly getting a restraining order from Judge Yocum to keep Benita from going back out there. . ." Benita stated that she did not know anything about a restraining order and that she had already agreed not to return to the house. There is no fixed formula or policy to be considered in arriving at these fees other than the rule that the appropriately broad discretion of the trial court should not be abused. *See Briscoe* v. *Shoppers News, Inc.*, 10 Ark. App. 395, 664 S.W.2d 886 (1984). We find no abuse of discretion and

152

affirm.

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.