REYNOLDS *v.* HAULCROFT.

4-7728                                   189 S. W. 2d 930

Opinion delivered November 5, 1945.

*Cunningham & Cunningham,* for appellant.

*S. L. Richardson,* for appellee.

HOLT, J. In the early part of 1931, Village Creek Drainage District, one of the appellees, brought suit to foreclose its lien for delinquent benefit assessments against lots 8 and 9, block 16 of the original town of Hoxie and other lands, and secured a decree April 28, 1931. Pursuant to said decree, sale was made May 11, 1934, report of said sale made to the court June 1, 1934, and on this same date, deed to the purchaser, which was Village Creek Drainage District, was approved by the court. March 11, 1934, the drainage district conveyed lot 9, block 16 of the original town of Hoxie, to appellee, Florence Haulcroft.

April 15, 1942, appellant filed intervention in the drainage district's foreclosure suit in which he alleged, in substance, that his father, James Reynolds, Sr., died

August 21, 1927, and was survived by his widow and appellant, a minor 4 years of age, an only child and sole heir; that at the time of his death, his father owned the lots involved here, was living on this property and that appellant and his mother have continued to occupy the property as their home at all times since Mr. Reynolds' death; that appellant reached his majority on December 8, 1943; that the decree foreclosing the lien for delinquent Village Creek Drainage District benefit assessments was rendered April 28, 1931; that in addition to the tax of 60 cents against each of the two lots a twenty-five percent. penalty and six percent. interest, together with $5 for attorney's fee, $3 for clerk's cost, and $5 for commissioners' fee, were added and adjudged against each lot involved here, and all other tracts of land involved in the sale; that the foreclosure suit involved approximately 3,000 separate tracts of land and was an uncontested suit.

"That the sum of $5 as attorney's fees against each of said tracts would amount in the aggregate to approximately $15,000 attorney's fees . . . the sum of $3 against each of said tracts as clerk's costs would amount to approximately $9,000" and that "the $5 assessed against each tract as costs of the commissioners for making the sale would amount to approximately $15,000."

That "said amounts as costs was such a gross abuse of the discretion of the court as to amount to a fraud; that the court had no power to assess the lots above set out with the sum of approximately $2.80 clerk's cost in excess of the amount of such costs legally chargeable against the said lots"; that "said decree was rendered either through fraud or mistake" or if not so rendered, the allowance of the above amounts as costs was such a gross abuse of the court's discretion as to amount to fraud upon the rights of appellant.

He further alleged that the lands were arbitrarily struck off to Village Creek Drainage District, with approximately 3,000 other tracts, without giving anyone else an opportunity to bid. He further alleged that he

had been in actual, open, notorious, and adverse possession of the property here in controversy for more than seven years and prayed "that his title to lots 8 and 9, block 16 of the original town of Hoxie, be approved and confirmed . . . ; that such foreclosure decree in so far as it affects the lots involved here be set aside . . . ; that the said decree be cancelled and set aside and that this plaintiff be allowed to pay the amount really due and that his lots be discharged from any further liability," etc.

Appellee, Florence Haulcroft, demurred to appellant's intervention on the ground that it did not state facts sufficient to entitle appellant to the relief prayed, or facts sufficient to constitute a cause of action. Appellee, drainage district, adopted Mrs. Haulcroft's demurrer. This demurrer was sustained by the trial court and this appeal followed.

In testing the sufficiency of appellant's intervention, or complaint, on demurrer, the rule is well established that all allegations in the complaint that are well pleaded must be taken as true. *Eddy* v. *Schuman,* 206 Ark. 849, 177 S. W. 2d 918.

Village Creek Drainage District in Lawrence county was created under Act 40 of the "Extraordinary Session of the Legislature of 1920. Section 22 of that act provides that "said board of commissioners shall enforce the collection by chancery proceedings, in the manner and with the effect set forth in §§ 23 and 24 of Act No. 279 of the Acts of the General Assembly of the year 1909, entitled: 'An Act to Provide for the Creation of Drainage Districts in this State'; but any landowner whose property has been sold in said proceedings shall have the right to redeem the same within two years from the time they are stricken off by the commissioners making the sale," and § 23 of Act 279 of 1909 (now § 4482 of Pope's Digest) provides that "said commissioner shall by proper deeds convey to the purchaser the lands, . . . and the title to said lands . . . shall thereupon become vested in such purchaser as against all others

whomsoever, saving to infants and to insane persons having no guardian or curators, the right they now have by law to appear and except to said proceedings within three years after their disabilities are removed.''

Whatever appellant's rights were must be derived from the two acts, *supra*. Appellant's right to redeem was no greater than that allowed an adult. Since the sale was made May 11, 1934, the right to redeem under the statute had expired long before appellant's intervention here was filed. He had, therefore, lost all right to redeem. In *Deaner* v. *Gwaltney*, 194 Ark. 332, 108 S. W. 2d 600, this court, referring to § 23 of Act 279, now § 4482 of Pope's Digest, said: ''After providing when the decree of foreclosure may be rendered (said section) contains a 'saving to infants and to insane persons having no guardian or curators, the right they now have by law to appear and except to said proceedings within three years after their disabilities are removed.' It is obvious that this is not a redemption statute, . . .'' and in an earlier part of the opinion, ''This right of redemption was given to all owners and was not limited to minors, nor were minors given any right of redemption peculiar to themselves. Minors and all others had the same period of redemption.''

The question, therefore, is narrowed to a proper construction of § 4482, *supra,* in proceedings such as are presented here, which saves to infants ''the right they now have by law to appear and except to said proceedings within three years after their disabilities are removed.''

It is our view, and we so hold, that this section saves to an infant the right within a period of three years after he reaches his majority to file exceptions to the proceedings and it can make no difference that there might have been confirmation of the sale before the infant reached his majority. In other words, the right accorded the infant, under the statute, to file exceptions to the proceedings within the three-year period subsequent to his majority, gives to him the same right that an adult would

have to file exceptions to the proceedings and the fact that there had been a confirmation during the time of minority when such minor was unable to defend for himself, does not take away his right to file exceptions to the proceedings. It is, therefore, clear, we think, that appellant is making a direct and not a collateral attack on the decree of foreclosure because the right is given by statute. See *Nash* v. *Delinquent Lands,* 111 Ark. 158, 163 S. W. 1147.

Here, among other things, it is alleged that the decree was rendered through fraud or mistake, or if not so rendered, that the allowance of the excessive costs, *supra,* was such a gross abuse of the court's discretion as to amount to a fraud upon the rights of appellant. Since, as indicated, appellant's allegations of grossly excessive costs are admitted on the demurrer to be true, we think a cause of action was stated and that the trial court erred in sustaining the demurrer and dismissing appellant's complaint. Accordingly, the judgment is reversed and the cause remanded with directions to overrule the demurrer.