KENDRICK *v.* BOWDEN.

4-8073                                          199 'S. W. 2d 740

Opinion delivered February 24, 1947.

*E. L. Hollaway,* for appellant.

*Bob Bailey* and *Bob Bailey, Jr.,* for appellee.

McHANEY, Justice.    Appellees are the heirs at law of L. T. Bowden who died intestate on March 26. 1931,

and who was the owner of the 20 acres of land here involved as a part of his homestead. Ina Louise Bowden, a daughter of L. T. Bowden, one of the appellees, is a minor and is represented in this action by her guardian, appellee C. M. Bowden.

The 20-acre tract forfeited in 1931 for the 1930 taxes, (as also 72 other acres belonging to L. T. Bowden, all constituting his homestead, not here involved) and was sold to the State under the following description: "Part northeast quarter of the southeast quarter of section 4, township 7 north, range 9 west, containing 20 acres." The taxes became delinquent after the death of L. T. Bowden. On February 7, 1938, appellant, Joe Chenowith, purchased said 20-acre tract from the State, receiving a deed therefor describing the land as set out above. He thereafter sold same to appellant Kendrick. Chenowith and Kendrick have been in the possession of said tract since the purchase from the State.

Appellees brought this action to cancel the deed from the State to Chenowith and his deed to Kendrick. The answer denied that appellee's ancestor was the owner of said tract at the time of his death, or that it was a part of his homestead. They admitted that Chenowith purchased from the State under said description and the deed from Chenowith to Kendrick. They plead their possession as a bar to the action. Chenowith entered this additional plea, according to their abstract: "States that the plaintiffs and each of them are estopped from the record from claiming the said tract of land now owned by the defendant, Joe Lyle Kendrick, is the homestead of the said L. T. Bowden."

Trial resulted in a decree for appellees, holding that the land is a part of the homestead of their father and that she (Ina Louise) being a minor was entitled to redeem from the forfeiture and sale to the State; that the rents and profits should be offset against the taxes paid; that the land should be charged with a lien for $21, the amount paid the State, with 6 per cent. interest from February 7, 1928, a total of $31.08 at the date of trial;

and that she recover the possession of said tract. This appeal followed.

We think the trial court correctly treated the action as one to redeem by the minor and properly permitted a redemption. We are not unmindful of the rule that one cannot consistently petition to redeem from a tax sale and at the same time question the title of the purchaser. *Sparks* v. *Farris,* 71 Ark. 117, 71 S. W. 255, 945. Here, complainant made no particular allegation of the invalidity of the tax forfeiture and sale, and the allegation made, that "each and everything done by all the officers connected with the delinquency, the sale, and report of sale were all done unlawfully, and are void and of no effect," is so general as to "cover everything and touch nothing," as has been said of the mother hubbard. It was insufficient to raise or charge any particular invalidity in the forfeiture and sale.

Nor can we agree with appellants that, because § 8925 of Pope's Digest has no saving clause in favor of infants, their possession of said tract since 1938 has ripened into title and that she is barred under the two-year statute provided by said section. This because of §§ 8939 and 13860 of Pope's Digest. Two of our recent decisions construing §§ 8939 and 13860 are *Schuman* v. *Westbrook,* 207 Ark. 495, 181 S. W. 2d 470, and *Reynolds* v. *Haulcroft,* 209 Ark. 266, 189 S. W. 2d 930.

It is also argued that the court erred in holding that the 20-acre tract was the property of appellees. The complaint alleged that appellees are the heirs of and the owners by inheritance from T. L. Bowden, and that the land was a part of the homestead of said Bowden. The answer denied these allegations. We do not think appellees were required to deraign the title prior to T. L. Bowden. They alleged that he owned the land at his death and that they are all his heirs at law. The evidence is undisputed that such is the fact. Appellant Chenowith testified that this land was the homestead of T. L. Bowden when he died and that the minor heir, his daughter, was living on the land with her father and mother. The case was not defended on the theory that the land was

not T. L. Bowden's homestead, but on the theory of adverse possession and *res judicata*. The title of appellees was, therefore, sufficiently established.

A further argument for reversal is that their plea of *res judicata* should have been sustained. We have copied above the exact language of this alleged plea, as set out in appellants' abstract. We think this so-called plea is wholly insufficient to raise the question of a former adjudication of the same subject-matter between the same parties. This court follows the general rule, supported by the weight of authority, "that one relying on the doctrine of *res judicata* must plead the prior adjudication." 30 Am. Jur., p. 984, § 255. In *Bolton* v. *Mo. Pac. Rd. Co.,* 148 Ark. 319, 229 S. W. 1025, we said: "The plea of former adjudication is one which, to be available, should be pleaded by answer as a defense. *Adams* v. *Billingsley,* 107 Ark. 38, 153 S. W. 1105. The answer tendering that plea should set out the facts upon which it is based, and the issue is not properly raised by a motion to dismiss which does not recite the facts upon which the plea is based." In the *Adams* v. *Billingsley* case, *supra,* this court held, by McCulloch, C. J., that a demurrer to a complaint, "Because the matters and things complained of by the plaintiff herein have been fully adjudicated by the court in another action in this court by and between the same parties, and in the same cause," that these matters did not constitute a ground for demurrer, "but should have been pleaded by answer as a defense."

Here, the plea is too indefinite to be a good plea of *res judicata*. It merely alleges a conclusion of the pleader that the appellees are estopped by the record from claiming the land as a homestead. Appellants would be required to allege the facts which they claim constitute the alleged estoppel.

We find no error, and the decree is accordingly affirmed.