William A. COX *v.* Jane Merle KEAHEY

CA 02-1118                                   133 S.W.3d 430

Court of Appeals of Arkansas
Division IV
Opinion delivered December 3, 2003

*S. Christopher Thomason*, for appellant.

*Wilson, Walker & Short*, by: *Charles M. Walker*, for appellee.

LARRY D. VAUGHT, Judge. William Cox, administrator of the estates of Virginia Lantrip and John Lantrip, has appealed from an order of the Miller County Circuit Court dismissing his third-party complaint against appellee Jane Merle Keahey. This case was previously before us in *Lantrip v. Keahey*, No. CA01-150 (September 26, 2001), when we dismissed the appeal for lack of a final order. The facts and proceedings leading up to our earlier decision were as follows: ·

> This is an appeal from an order granting the appellee/third-party defendant's motion to dismiss on the basis of *res judicata*, claim preclusion, and issue preclusion. Appellant/third-party plaintiff contends that the trial court erred in granting the motion to dismiss. We dismiss the appeal because the order from which it is taken does not adjudicate all of the claims or the rights and liabilities of the parties and is, therefore, not a final appealable order.

> On October 4, 1999, John Allen Cross and Glenda Jo Cross (the Crosses) filed a complaint against Virginia Maxine Lantrip, individually and as the administratrix of the estate of John Lantrip, deceased. The complaint alleged that the Lantrips conveyed, by warranty deed, a one-fourth interest in certain property located in Miller County, Arkansas, to the Crosses on December 14, 1999 [1993]. The Lantrips reserved one-fourth of the mineral rights. John Lantrip claimed to have title to the property as the only child and sole heir of his father, Earl Lantrip, who died intestate.

> The Crosses' complaint further alleged that on June 26, 1998, James and Brenda Cross and David and Agnes Cross filed a complaint (No. E-99-323-3) against the Crosses, alleging that they purchased a one-eighth interest in the same property the Crosses purchased from the Lantrips. James and Brenda Cross and David and Agnes Cross claimed to have purchased their one-eighth interest from Jane Merle Keahey, who executed a warranty deed conveying the property on January 7; 1998. Keahey also claimed to be the child and heir at law of Earl Lantrip.

For relief in the present case, the Crosses sought to compel Virginia Lantrip to intervene in case No. E-99-323-3 and to be required to defend their one-fourth interest in the property at issue. Virginia Lantrip filed an answer, and later she filed a third-party complaint against Jane Merle Keahey on November 15, 1999. She alleged that Keahey was the natural born child of Mabel Lantrip, who was born prior to Mabel's marriage to Earl Lantrip and had no blood relationship to Earl. Thus, Keahey was the half-sister of John Lantrip and sister-in law of Virginia Lantrip. Lantrip alleged that any interest claimed by Keahey in the property at issue is based on the improper claim that she is the natural born child of Earl Lantrip. Based on Keahey's wrongful conveyance, Lantrip claimed to have been damaged in that she was forced to defend the lawsuit filed by the Crosses and that her reserved interest in the mineral rights had been depleted. Additionally, Lantrip claimed that Keahey tortiously interfered with her contract with the Crosses.

On April 4, 2000, Keahey filed a motion to dismiss Lantrip's third-party complaint on the grounds that it failed to state facts upon which relief could be granted, that the claim was barred by *res judicata,* and that she was incompetent and without a guardian and thus could not be sued. In support of the motion, Keahey attached as exhibits, a motion for judgment on the pleadings and brief in support from case No. P-98-243-3, styled "*Virginia Lantrip, administratrix of the estate of John Lantrip, deceased, v. Jane Merle Keahey,*" a reply brief, and an order of dismissal. The motion for judgment on the pleadings in case No. P-98-243-3 had been granted by way of an order of dismissal entered September 7, 1999. The order of dismissal stated that the pleadings did not set forth a justiciable controversy between the parties and that Lantrip had no standing to raise the issue of heirship between herself as the administratrix of the estate of John Lantrip, deceased, and Keahey. Lantrip filed a response to the motion to dismiss, denying the allegations of the motion.

The trial judge granted Keahey's motion, dismissing the third-party complaint with prejudice, on the grounds that the claim was barred by *res judicata,* claim preclusion, and issue preclusion. The order of dismissal was filed October 4, 2000, and Lantrip's notice of appeal was timely filed November 3, 2000.

*Lantrip v. Keahey,* No. CA 01-150 (September 26, 2001), *slip op.* at 1-3.

On September 26, 2001, we dismissed the appeal as not final because it adjudicated fewer than all of the claims of fewer than all of the parties and the trial court had not followed the requirements of Ark. R. Civ. P. 54(b). We now address the facts and proceedings leading to the present appeal.

Virginia Lantrip died on April 1, 2001. On November 7, 2001, "Mrs. Lantrip" filed a motion for entry of final judgment in keeping with Rule 54(b). In response, Ms. Keahey noted that Mrs. Lantrip had recently died, that an alternate administrator of Mr. Lantrip's estate had not been appointed, and that this action had not been revived. Appellant William Cox, the Lantrips' son-in-law, was appointed administrator of Mrs. Lantrip's estate on February 8, 2002. Plaintiffs John and Glenda Cross filed a motion to revive this action on February 13, 2002. Mr. Cox filed a motion on February 21, 2002, to revive this action on behalf of the estates of Mr. and Mrs. Lantrip. In that motion, he also requested that he be appointed special administrator of the estate of Mr. Lantrip for the purpose of litigating this case.

On June 26, 2002, the circuit court entered an order of revivor substituting Mr. Cox, as administrator of the estates of Mr. and Mrs. Lantrip, as the defendant in this action. On the same day, the court entered an "Order of Final Judgment and Dismissal," amending the original order of dismissal and stating:

> That this Court did on September 29, 2000, enter its Order of Dismissal granting the Third Party Defendant's Motion for Dismissal of the Third Party Plaintiff's Complaint with prejudice; that said Order of Dismissal was filed of record with the Circuit Court of Miller County, Arkansas, on October 3, 2000; and that to date, there has been no entry of Final Judgment in this matter adjudicating all claims, rights and liabilities of all the parties under which said Third Party Complaint was filed;

> That the Court did not state in its original Order of Dismissal entered on September 29, 2000, that said Order was a Final Judgment as to the claim of the Third Party Plaintiff against the Third Party Defendant and that there was no just reason for delay of any appeal from said Order because the likelihood of hardship or injustice that would occur if the Third Party Plaintiff was unable to effect an immediate appeal; and

That said Order of Dismissal should be amended and entry of a Final Judgment made herein, as to one or more, but fewer than all the claims or parties herein; that the Court makes said determination based upon the following find[ing]s:

(A) That there is an extreme likelihood of unnecessary hardship or injustice to the Defendant/Third Party Plaintiff which would be alleviated by an immediate appeal of said Order:

(B) The absence of an immediate appeal would defeat the policy of judicial economy in that the Defendant/Third Party Plaintiff, could only resolve the issues presented therein by separate litigation; and

(C) That the Defendant/Third Party Plaintiff shall endure the injustice of having her rights, status of ownership interest in the mineral state reserved to her and the property which is at issue in the subject suit being uncertain; and that said uncertainty will have the full force and effect of having her property interest depleted without new production or due process of law.

Although the circuit court made specific findings to support an immediate appeal, it neglected to include a certification as required by Rule 54(b). Mr. Cox filed a notice of appeal on July 22, 2002, and the record was lodged with the supreme court clerk on October 18, 2002. On November 27, 2002, Mr. Cox filed a motion to stay brief time and to remand to the trial court for an order complying with Rule 54(b). We granted that motion, and the trial court entered an amended order of final judgment and dismissal that included the necessary findings and certification. The amended order was filed with this court as a supplement to the record on February 3, 2003.

Mr. Cox argues on appeal that the trial court erred in finding his claims to be barred by *res judicata*, claim preclusion, and issue preclusion.

## Standard of Review

After being served with the third-party complaint, Ms. Keahey moved to dismiss for failure to state a claim and also raised the defenses of incompetency and *res judicata*. She based her *res judicata* argument on the trial court's dismissal in Case No. P98-243-3. In finding that Mr. Cox's claims were barred by *res judicata*, claim preclusion, and issue preclusion "as a result of the Order of Dismissal filed by this Court in cause No. P98-243-3," the trial court obviously based its decision on a document that was outside the pleadings. Therefore, according to Ark. R. Civ. P. 12(b), the trial court implicitly treated the motion as one for summary judgment, and our review of that decision is governed by the standard of review appropriate for appeals from summary judgments.

In reviewing summary-judgment cases, we determine whether the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party left a material question of fact unanswered. *Alberson v. Automobile Club Interins. Exch.*, 71 Ark. App. 162, 27 S.W.3d 447 (2000). The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Id.* All proof submitted with a motion for summary judgment must be viewed in the light most favorable to the party resisting the motion, and any doubts and inferences must be resolved against the moving party. *McWilliams v. Schmidt*, 76 Ark. App. 173, 61 S.W.3d 898 (2001). Summary judgment is not appropriate where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable minds might differ. *Lee v. Hot Springs Village Golf Schs.*, 58 Ark. App. 293, 951 S.W.2d 315 (1997).

## Collateral Estoppel

The doctrine of *res judicata* has two aspects: claim preclusion and issue preclusion. *See Coleman's Serv. Ctr., Inc. v. Federal Deposit Ins. Corp.*, 55 Ark. App. 275, 935 S.W.2d 289 (1996). Issue preclusion is also known as collateral estoppel. *Id.* The doctrine of collateral estoppel bars the relitigation of issues of

law or fact actually litigated in the first suit. *Van Curen v. Arkansas Prof'l Bail Bondsman Licensing Bd.*, 79 Ark. App. 43, 84 S.W.3d 47 (2002). When an issue of law or fact is actually litigated and determined by a valid and final judgment and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. *Id.* Collateral estoppel is based upon the policy of limiting litigation to one fair trial on an issue. *Id.* Unlike *res judicata*, or claim preclusion, collateral estoppel does not require mutuality of parties before the doctrine can be applied. *Johnson v. Union Pac. R.R.*, 352 Ark. 534, 104 S.W.3d 745 (2003).[1] For collateral estoppel to apply, the following elements must be met: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; (4) the determination must have been essential to the judgment. *Id.* Whether an issue was previously litigated has been interpreted very narrowly for purposes of collateral estoppel. *Guidry v. Harp's Food Stores, Inc.*, 66 Ark. App. 93, 987 S.W.2d 755 (1999).

■ In the dismissal entered in Case No. P-98-243-3, the trial court made no findings of fact or law other than to state:

> The complaint of the plaintiff and the answer of the defendant do not set forth a genuine, justiciable controversy between these parties. The plaintiff has no standing to raise the issue of heirship as between herself as administratrix for the estate of John Lantrip, deceased, and Jane Merle Keahey.

> Therefore it is CONSIDERED, ORDERED and AD-JUDGED that the defendant's Motion for Judgment on the Pleadings is hereby granted and the Petition for Declaratory Judgment filed hereby by the plaintiff is dismissed with prejudice.

---

[1] The offensive use of collateral estoppel, however, should be available only in limited cases, and the trial court should be given broad discretion to determine if it should be applied. *Johnson v. Union Pac. R.R., supra.* In cases where a plaintiff could easily have joined in the earlier action or where the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel. *Id.*

Because the issues relevant to Mrs. Lantrip's claims were not actually litigated or determined in that decision, we hold that the court erred in applying issue preclusion in this case.

### Res Judicata

Our next question is whether the court was correct in applying claim preclusion to Mr. Cox's claims. The purpose of the *res judicata* doctrine is to put an end to litigation by preventing a party who had one fair trial on a matter from relitigating the matter a second time. *Brandon v. Arkansas W. Gas Co.*, 76 Ark. App. 201, 61 S.W.3d 193 (2001). The test in determining whether *res judicata* applies is whether matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. *Van Curen v. Arkansas Prof'l Bail Bondsmen Licensing Bd.*, supra. Under the claim–preclusion aspect of the doctrine of *res judicata*, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Brandon v. Arkansas W. Gas Co., supra.* When a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id.* The key question regarding the application of *res judicata* is whether the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Id. Res judicata* is based upon the assumption that a litigant has already had his day in court. *Dickerson v. Union Nat'l Bank of Little Rock*, 268 Ark. 292, 595 S.W.2d 677 (1980).

Mr. Cox argues that the order of dismissal "with prejudice" in Case No. P98-243-3 was not on the merits. We agree insofar as this case is involved. Usually, dismissal with prejudice is as conclusive of the rights of the parties as if there had been an adverse judgment as to the plaintiff after a trial. *See Francis v. Francis*, 343 Ark. 104, 31 S.W.3d 841 (2000). However, there are limitations to the doctrine of *res judicata*, and we believe that the court erred in failing to apply an exception to that doctrine under the circumstances presented here. It is true that both this action and Case No. P98-243-3 were based on the same event — Ms. Keahey's conveyance of a deed to property in which she, like Mr.

Lantrip, claimed an interest as a child and heir of Earl Lantrip. Both lawsuits involve Ms. Keahey's and Mr. Lantrip's respective rights to this property, and in order to make that determination, the court would be required to determine whether Earl Lantrip was Ms. Keahey's biological father. However, Mr. and Mrs. Lantrip's alleged breach of warranty of title, on which this lawsuit is based, could not have been litigated in Case No. P98-243-3, which was dismissed as having been brought prematurely. When that case was dismissed, neither the Lantrips nor their estates had been sued on their warranties of title. John and Glenda Cross filed this action on October 4, 1999, which was a few days after Case No. P98-243-3 was dismissed by the same judge. Mrs. Lantrip filed her third-party complaint over a month later.

The *Restatement (Second) of Judgments* § 20(2) (1982) provides:

> A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied unless a second action is precluded by operation of the substantive law.

Comment *k* expresses the rationale for this section as follows:

> A determination by the court that the plaintiff has no enforceable claim because the action is premature, or because he has failed to satisfy a precondition to suit, is not a determination that he may not have an enforceable claim thereafter, and does not normally preclude him from maintaining an action when the claim has become enforceable. The rule of this Subsection and the rationale behind it shade over into the rule that subsequent events may give rise to a new claim that is not barred by a prior judgment (see § 24, Comment *f*).

> The rule stated in this Subsection is applicable whether the fact that the action is premature, or that a precondition has not been satisfied, appears on the face of the pleadings, as a result of pretrial discovery, or from the evidence at trial.

Comment *f* to section 24 explains the importance of a change of circumstances in determining whether claim preclusion applies:

> Material operative facts occurring after the decision of an action with respect to the same subject matter may in themselves, or taken in conjunction with the antecedent facts, comprise a transaction which may be made the basis of a second action not precluded by the first.

It is clear to us that Mr. Cox has not yet had a full and fair opportunity to litigate the issues in question, and that the filing of this lawsuit by the Crosses was a subsequent event giving rise to a new claim that is not barred by the prior judgment. We therefore conclude that claim preclusion cannot apply here. Accordingly, the circuit court's decision must be reversed and Mr. Cox's claims must be remanded for trial.

Reversed and remanded.

HART and BIRD, JJ., agree.