Franklin DAVIS *v.* LITTLE ROCK SCHOOL DISTRICT

CA 04-987                                          211 S.W.3d 587

Court of Appeals of Arkansas
Opinion delivered August 31, 2005

[Rehearing denied November 2, 2005.]

---

*Kearney Law Office,* by: *Jack R. Kearney,* for appellant.

*Friday, Eldredge & Clark, LLP,* by: *Christopher Heller,* for appellee.

DAVID M. GLOVER, Judge. Appellant Franklin Davis appeals from a summary judgment in favor of his former employer, appellee Little Rock School District. We affirm.

The pertinent facts are as follows. Davis was an elementary-school principal in the Little Rock School District. In mid-1997, the District began investigating complaints by several teachers and parents that Davis had sexually harassed them. Davis was confronted with the accusations and denied them. Following another similar complaint in November 1997, the District was prepared to terminate Davis's employment. Instead, Davis was transferred to an associate-principal position at Central High School. Thereafter, in March 1998, yet another sexual-harassment complaint was made against Davis, this time by a Central High School teacher.

In an April 2, 1998 letter to Davis, District Superintendent Leslie Carnine stated that he would recommend termination of Davis's contract "because the District has received numerous complaints of sexual harassment and inappropriate conduct by you directed at both teachers and patrons of the District." Carnine further stated that Davis was entitled to a hearing before the District board. On May 4, 1998, Davis, who was represented by counsel, responded as follows:

> Please be advised that, in lieu of the proceeding required by the Teacher Fair Dismissal Act, including the right to a school board hearing, I will agree to the submission of the recommended termination of my contract to binding arbitration through the American Arbitration Association. The offer to utilize this alternate dispute resolution process is based on the premise that formal judicial processes can be time consuming, costly and frustrating for both parties. The authority for a school district to submit a nonrenewal/termination recommendation to binding arbitration is recognized by the Attorney General of the State of Arkansas in Opinion No. 95-136.

On May 12, 1998, the District accepted Davis's offer to arbitrate and referred him to its attorney to coordinate selection of the arbitrator and to schedule the hearing.

For reasons that are unclear from the record, the arbitration hearing did not take place until June 1999. At the hearing, several women who were either teachers, school-district employees, or mothers of children in the district testified that Davis had either conducted himself in a sexually inappropriate manner in their presence or made lewd and suggestive comments to them. Davis denied the allegations. On July 12, 1999, the arbitrator issued an award in which she found that "the recommendation not to renew [Davis's] contract was not arbitrary, capricious or discriminatory and should be upheld. [Davis's] contract is not renewed for the 1999–2000 school year." However, in Davis's favor, she found that the District should have paid Davis for the entire 1998-99 school year,[1] and she ruled that he was entitled to all salary and benefits that he had not received for that period. On July 23, 1999, Davis received $24,561.94 "in full and complete satisfaction of the arbitration award dated July 12, 1999."

---

[1] Several months before the hearing, the District had ceased paying Davis for the 1998-99 school year.

On or about July 26, 1999, Davis asked the arbitrator to reconsider the award. His request is not contained in the record, but Davis states in his reply brief that he was giving the arbitrator "notice that the award did not comport with the requirements" of the Arkansas Teacher Fair Dismissal Act (TFDA), a statutory scheme comprised of various procedures that a school district must follow when nonrenewing or terminating a teacher's contract. *See* Ark. Code Ann. §§ 6-17-1501 to -1510 (Repl. 1999 and Supp. 2003). The arbitrator, citing Rule 33 of the National Rules for the Resolution of Employment Disputes, declined to reconsider the award, stating that, while a party may request correction of "clerical, typographical, technical, or computational errors," an arbitrator is not empowered to "redetermine the merits of any claim already decided." Further, she stated, Arkansas law permits an arbitrator to modify or correct an award only where there is an "evident miscalculation of figures or mistake in the description of a person, thing, or property" or where the award was "imperfect in a matter or form not affecting the merits of the controversy." *See* Ark. Code Ann. §§ 16-108-209 and -213(a) (1987). Additionally, she said, Arkansas's arbitration statutes provide for the "vacation" of an arbitration award only by the courts and not by the arbitrator. *See* Ark. Code Ann. § 16-108-212 (Supp. 2003). Following the arbitrator's denial of reconsideration, Davis did not appeal the award to circuit court or ask the court to vacate or modify the award.[2]

On July 1, 2002, almost three years after the arbitrator entered her award, Davis filed the present complaint against the District in Pulaski County Circuit Court. The thrust of his complaint was that he was entitled to back pay, reinstatement, damages, and attorney fees because the arbitrator and the District did not comply with the TFDA in various respects, including but not limited to 1) failing to make specific written conclusions regarding the truth of each reason given in support of the termination recommendation, 2) failing to bring any problems to Davis's attention prior to the termination recommendation and failing to document efforts to assist him with the problems, and 3)

---

[2] The record before us contains a complaint filed by Davis in Pulaski County Circuit Court in October 1999 against the District, several of its employees, and several of his accusers seeking damages for tortious interference, defamation, racial and gender discrimination, and violation of due-process rights. However, the action is not designated as an appeal, and the record does not indicate what became of this lawsuit.

terminating his salary before the hearing occurred. The District answered and, in the course of the litigation, filed two motions for summary judgment, the first of which was denied and the second of which was granted. The grant of summary judgment was made on the basis that Davis's suit was barred by *res judicata* and that, by asking for arbitration, he waived strict compliance with the TFDA.

Davis now appeals from the above ruling. We review his arguments under the appropriate standard for issues of law, *i.e.*, if the law has been erroneously applied and the appellant has suffered prejudice, the erroneous ruling will be reversed. *See generally Sheets v. Dollarway Sch. Dist.*, 82 Ark. App. 539, 120 S.W.3d 119 (2003) (holding that whether a school district has complied with the TFDA is a question of law); *Office of Child Support Enforcement v. King*, 81 Ark. App. 190, 100 S.W.3d 95 (2003) (treating review of a trial judge's conclusion that a suit was barred by the application of *res judicata* as a question of law). We also note that, where parties file cross-motions for summary judgment, as they did in this case, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. *See Clarendon Nat'l Ins. Co. v. Roberts*, 82 Ark. App. 515, 120 S.W.3d 141 (2003).

In his first assignment of error, Davis argues that summary judgment was improper because 1) the District failed to comply with Ark. R. Civ. P. 56(c), and 2) the doctrine of *res judicata* was not applicable under the facts of this case.[3] On the first point, Davis claims that the District's motion should have been denied because it did not meet Rule 56(c)'s mandate to "set for[th] the undisputed facts upon which a finding for summary judgment may be based." However, Rule 56(c) contains no requirement that a statement of undisputed facts accompany a motion for summary judgment; it simply provides that a motion for summary judgment "shall specify the issue or issues on which summary judgment is sought and may be supported by pleadings, deposi-

---

[3] The heading to Davis's first point also indicates that he will challenge the timeliness of the District's second motion. However, this point is not developed in the text of Davis's argument. Therefore, we will not consider it on appeal. *See generally Dougan v. State*, 330 Ark. 827, 957 S.W.2d 182 (1997) (declining to consider an argument that is mentioned only in a subheading of the appellant's brief); *Brockwell v. State*, 260 Ark. 807, 545 S.W.2d 60 (1976) (holding that the mere statement of a point is not a sufficient argument for reversal).

tions, answers to interrogatories and admissions on file, and affidavits." Davis has therefore shown no basis for reversal on this point.

■ As for Davis's *res judicata* argument, that doctrine provides that a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Cox v. Keahey*, 84 Ark. App. 121, 133 S.W.3d 430 (2003). Except in certain limited situations, a valid and final award by an arbitrator has the same effect under the rules of *res judicata* as the judgment of a court. *See Riverdale Dev. Co., LLC v. Ruffin Bldg. Sys., Inc.*, 356 Ark. 90, 146 S.W.3d 852 (2004); *Restatement (Second) of Judgments* § 84 (1982). When a case is based on the same events as the subject matter of a previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Cox, supra.* The key question regarding the application of *res judicata* is whether the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Id.*

We believe that Davis had a full and fair opportunity in the arbitration proceeding to litigate the matters he now raises in this lawsuit. Although he contends that his present issues were not determined in arbitration, we find nothing in his brief argument on this point to support that contention. To the contrary, Davis argued in arbitration, just as he does in this lawsuit, that the school board should not have terminated his employment before the hearing was held. He prevailed on that issue in arbitration and collected an award of back pay. Davis also contended at the arbitration hearing, just as he does in this lawsuit, that the TFDA's procedures should have been applied in his case. A review of the arbitrator's award shows that she did apply the TFDA in some respects, determining, for instance, that the superintendent's recommendation was not "arbitrary, capricious, or discriminatory" and "should be upheld." *See* Ark. Code Ann. §§ 6-17-1503 and 1510(b) (Repl. 1999).[4] However, Davis requested reconsideration on the basis that the award did not fully comport with the TFDA. The arbitrator denied reconsideration, and Davis neither appealed

---

[4] In 2001, the legislature amended the TFDA in several respects, but those amendments were not in effect at the time of Davis's disciplinary actions in 1998 and 1999 and thus were not applicable. *See Olsen v. East End Sch. Dist.*, 84 Ark. App. 439, 143 S.W.3d 576 (2004).

from that ruling nor requested that the circuit court vacate or modify the award. *See McLeroy v. Waller*, 21 Ark. App. 292, 731 S.W.2d 789 (1987) (holding that a decision by an arbitrator on all questions of fact and law is conclusive unless grounds are established to vacate or modify the award). In light of these circumstances, we believe that Davis has already had a full opportunity to challenge the propriety of his dismissal and the procedures employed in connection therewith. The trial court correctly ruled, therefore, that Davis's lawsuit was barred by *res judicata*.

Our holding on the above point makes it unnecessary to reach Davis's second argument that the trial court erred in ruling that he waived strict compliance with the TFDA by submitting to arbitration.

For his final argument, Davis claims that his due-process rights were violated because the arbitrator did not address the veracity of each allegation lodged against him or "vote on the truth of each allegation and vote to terminate his employment" as required by the TFDA. Our reading of the trial court's order does not reflect a clear ruling with regard to Davis's due-process claims. Failure to obtain a ruling is a procedural bar to our consideration of an issue on appeal; this is true even of constitutional arguments and even where the arguments were raised at trial. *See Scamardo v. Jaggers*, 356 Ark. 236, 149 S.W.3d 311 (2004).

In any event, in litigation filed by Davis against the District in federal court in 2000, the United States Court of Appeals for the Eighth Circuit agreed with the United States District Court that "the pre-termination and post-termination process Davis received was constitutionally sufficient." *Davis v. Little Rock Sch. Dist.*, No. 01-3007 (8th Cir. 2002) (unpublished). The District Court also ruled that Davis had waived his due-process claims and his rights under the TFDA when he requested and participated in a binding arbitration proceeding. Although Davis argues in his reply brief that the federal courts did not dismiss his "state due process claims" that are "based upon the TFDA" with prejudice, he fails to explain to our satisfaction how the due-process and TFDA claims he now asserts differ in any meaningful way from the claims ruled upon by the federal courts.

Affirmed.

GRIFFEN and ROAF, JJ., agree.