Clara Faye O'DELL and Fred O'Dell, Husband and Wife, Julie O'Dell
Wilbur, Jonathan O'Dell, and Joseph O'Dell  *v.*  David Lynn
RICKETT and Susan Rickett Rigsby, Nee Bennett

CA 04-1285                                                  214 S.W.3d 301

Court of Appeals of Arkansas
Opinion delivered September 28, 2005

*Gary Vinson,* for appellants.

*Oscar E. Jones,* for appellees.

ROBERT J. GLADWIN, Judge. On August 27, 2002, the
Independence County Circuit Court entered a decree
quieting title to a .356 acre of land in favor of appellants Clara Faye

O'Dell, Fred O'Dell, Julie O'Dell Wilber, Jonathan O'Dell, and Joseph O'Dell (hereafter referred to as "the O'Dells"). Appellees David Lynn Rickett and Susan Rickett Rigsby, nee Bennett[1] (hereafter referred to as "the Ricketts") appealed to this court, arguing that the trial court erred in finding that the O'Dells had acquired the land by adverse possession. In an opinion handed down on April 28, 2004, this court agreed with the Ricketts and accordingly reversed and remanded the case. The O'Dells then filed an amended and substituted complaint and petition for temporary restraining order on June 18, 2004, seeking reformation of the deed. In an order entered on September 22, 2004, the trial court ruled that the O'Dells' claim was barred by the doctrine of *res judicata*. The O'Dells now argue that the trial court erred in finding that *res judicata* barred them from pursuing their claim for reformation upon remand by this court. We affirm.

The O'Dells take issue with this court's remanding of their case because they contend that it is unclear what this court intended by reversing and remanding the case without specific instructions. The O'Dells suggest that this court must have intended that a new trial be held. The O'Dells cite the per curiam opinion in *Wilson v. Rodgers*, 250 Ark. 335, 468 S.W.2d 739 (1971), for the general rule that in equity cases, with all the record fully developed, we should finally decide the case here instead of remanding it for a new trial. Nothing in our mandate indicated that this court intended that a new trial be held. Because new trials are seldom directed on reversal of chancery (equity) decrees, the established procedure is to give special direction for new trials on remand when that is the appellate court's decision. *Witcher v. McGhee*, 86 Ark. App. 317, 184 S.W.3d 474 (2004). Our general remand was simply to permit the trial court to enter an order quieting and confirming title in the Ricketts in order to avoid any clouds on their title.

In the former opinion, this court determined that the O'Dells could not argue on appeal that the deed should have been reformed because it was neither pled nor argued to the trial court. We specifically declined to address the issue of reformation because the appellate court will not find a fact that was not found below as that would be an intrusion into the province of the trial court. *Greene v. State*, 335 Ark. 1, 977 S.W.2d 192 (1998). Upon

---

[1] The parties to the former appeal were Jimmie Thompson Rickett and David Lynn Rickett.

remand, the O'Dells sought to amend their pleadings to assert a new cause of action for reformation of the deed, but the trial court would not allow the amendment. The O'Dells contend that, pursuant to Ark. R. Civ. P. 15, they should have been permitted to amend their pleadings. The trial court has broad discretion in allowing or denying amendment of the pleadings. *Trice v. Trice*, 91 Ark. App. 309, 210 S.W.3d 147 (2005). We cannot say that the trial court abused its discretion in disallowing the amendment based on its conclusion that *res judicata* applied to our earlier decision.

■ The purpose of the *res judicata* doctrine is to put an end to litigation by preventing a party who had one fair trial on a matter from relitigating the matter a second time. *Cox v. Keahey*, 84 Ark. App. 121, 133 S.W.3d 430 (2003). Relitigation is barred by *res judicata* when (1) the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action that was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies. *Daley v. City of Little Rock*, 36 Ark. App. 80, 818 S.W.2d 259 (1991). The test in determining whether *res judicata* applies is whether matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. *Cox, supra*. When a case is based on the same events as the subject matter of the previous lawsuit, *res judicata* will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. *Id*.

The O'Dells argue that *res judicata* does not apply because, when this court reversed and remanded the case, there was no final judgment. As this court explained earlier, our judgment was final as to the adverse-possession claim, and the case was remanded to the trial court for it to enter an order not inconsistent with our opinion. The issue of reformation could have been considered by the trial court had it permitted the O'Dells to amend their complaint. Instead, the trial court, in its discretion, essentially found that the Ricketts would be prejudiced by the amendment given that the O'Dells had a fair opportunity to litigate the reformation issue in the prior suit. Accordingly, the trial court applied the doctrine of *res judicata* to prevent the O'Dells' attempt to pursue a new cause of action where the first one failed. We cannot disagree with the trial court's resolution of this matter and therefore affirm.

Affirmed.

ROBBINS, GLOVER, NEAL, and ROAF, JJ., agree.

BAKER, J., dissents.

KAREN R. BAKER, Judge, dissenting. I respectfully dissent from the majority opinion because this court's previous reversal and remand did not provide specific instructions that would constitute a mandate or final adjudication on the merits; therefore, res judicata is inapplicable. In fact, the court seemed to invite exploration of the issue of reformation by the trial court upon remand by saying that whether reformation is warranted is "a question of fact for the trial court to determine."

Res judicata means that "a thing or matter has been definitely and finally settled and determined on its merits by the decision of a court of competent jurisdiction." *Hunt v. Perry*, 355 Ark. 303, 310, 138 S.W.3d 656, 659 (2003). Res judicata consists of "two facets, one being issue preclusion and the other claim preclusion." *Carwell Elevator Co. v. Leather*, 352 Ark. 381, 388, 101 S.W.3d 211, 216 (2003). *See also Coleman's Serv. Ctr., Inc. v. Fed. Deposit Ins. Corp.*, 55 Ark. App 275, 935 S.W.2d 289 (1996). The issue preclusion or collateral estoppel aspect of res judicata "bars the relitigation of issues of law or fact actually litigated in the first suit." *Cox v. Keahey*, 84 Ark. App. 121, 129, 133 S.W.3d 430, 434 (2003), citing *Van Curen v. Ark. Prof'l Bail Bondsman Licensing Bd.*, 79 Ark. App. 43, 84 S.W.3d 47 (2002). The issue must have been "actually litigated and determined by a valid and final judgment" for res judicata to apply. *Id.* at 129, 133 S.W.3d at 434. The elements of collateral estoppel are: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; (4) the determination must have been essential to the judgment. *Palmer v. Ark. Council on Econ. Educ.*, 344 Ark. 461, 40 S.W.3d 784 (2001); *Zinger v. Terrell*, 336 Ark. 423, 985 S.W.2d 737 (1999).

In *Dolphin v. Wilson*, 335 Ark. 113, 983 S.W.2d 113 (1998), the Arkansas Supreme Court also reversed a land dispute after finding the trial exceeded its authority and jurisdiction by allowing issues to be raised on remand that "went far beyond the mandate and was not an order which gave effect" to the opinion and remand. *Id.* at 122, 983 S.W.2d at 117. Key to this determination was the fact that the opinion and remand for further proceedings

gave specific instructions with a clear mandate that limited the trial court's authority. *Id.*

Although the Arkansas Supreme Court held in *Dolphin* that there was a clear opinion and mandate that the trial court exceeded, it stated that "had this court remanded the matter for further proceedings without specific instructions as opposed to requiring the entry of an order conforming to our opinion, our holding might well be different." *Id.*

This court's previous reversal and remand at issue here was exactly the sort of exception given in *Dolphin* in that it was issued without specific instructions and did not come close to finally resolving the matter. In fact, it concluded with the statement that determination of whether a mutual mistake occurred that warrants reformation is a question of fact for the trial court to determine. This would seem to lead to the common — sense conclusion that a new trial was contemplated that would result in a determination of rights in the property with finality. In absence of a clear mandate — and by itself seeming to direct the trial court to consider the issue of reformation of the deed — there stills remains a final determination of the rights or the parties to be made. Only after such final adjudication on the merits would res judicata become applicable.

In *Palmer v. Carder*, 239 Ark. 336, 389 S.W.2d 428 (1965), the Arkansas Supreme Court considered the issue of res judicata and found it inapplicable because no rights were determined upon a reverse and remand. The court stated that "we have said, on numerous occasions, that, when a judgment is reversed and remanded for a new trial, the case stands as if no action at all had been taken by the trial court." *Id.* at 338–339, 239 S.W.2d at 430.

The majority opinion also notes that trial courts have broad discretion in allowing or denying amendments to pleadings. But this discretion is tempered by the fact we have previously stated that "amendments to pleadings should be allowed in nearly all instances without special permission from the court, except where on motion of an opposing party the court determines that prejudice would result or that disposition of the cause would be unduly delayed." *Odaware v. Robertson Aerial-A G, Inc.*, 13 Ark.App. 285, 683 S.W.2d 624 (1985) Ark. R. Civ. P. 15(a). From the record it appears that the defense of res judicata was not raised by the appellees but rather by the trial court itself, sua sponte. Rule 8(c) of the Arkansas Rules of Civil Procedure requires that there are some

affirmative defenses which must be pled. Res judicata is such an affirmative defense. *Allen v. Wallis*, 279 Ark. 149, 650 S.W.2d 225 (1983); *Kendrick v. Bowden*, 211 Ark. 196, 199 S.W.2d 740 (1947). For a trial judge to raise an affirmative defense sua sponte that must be pled by a party seems to me to go beyond the definition of "broad discretion." Further, it does not appear that the trial court was attempting to exercise discretion by his ruling, but instead found that this court's prior opinion finally foreclosed the issue of reformation, something the majority concedes is not the case.

Accordingly, I would reverse.