Sylva CRONEY and Jacqueline Croney *v.* Buddy LANE

CA 06-904                                                  260 S.W.3d 316

Court of Appeals of Arkansas
Opinion delivered June 27, 2007

*R. H. "Bud" Mills, P.A.*, by: *R. H. "Bud" Mills*, for appellants.

*Herby Branscum, Jr.* and *Elizabeth Branscum Burgess*, for appellees.

BRIAN S. MILLER, Judge. Appellants, Sylva and Jacqueline Croney, are appealing the Perry County Circuit Court's dismissal of their action to quiet title and the court's grant of attorney's fees. The trial court dismissed appellants' case because it was barred by

the doctrine of res judicata and because appellants failed to join indispensable parties. We reverse and remand.

## Background

In 1998, appellants purchased property on Taylor Loop Road in Perry County. Appellants filed suit on October 13, 2000, to enjoin the City of Bigelow and Perry County from improving Taylor Loop Road. The circuit court ordered appellants, on August 24, 2001, to amend their complaint to clearly specify the relief sought and to join in the lawsuit "all landowners that may use the subject road to access their property." Appellants failed to comply and, on February 4, 2003, the court dismissed the case with prejudice.

On July 28, 2004, appellants filed this action to quiet title to their property, subject to a public easement by prescription across Taylor Loop Road, and to enjoin the City from installing utility lines under the roadway. In response, the City asserted that appellants' lawsuit was barred by the doctrine of res judicata. Appellants amended their petition on June 6, 2005, to allege that appellee Buddy Lane destroyed appellants' trees and was continuing to trespass on their property. The petition was amended again on August 24, 2005, to allege that Joseph and Katherine Hooten owned the property on which Lane resided.

The City moved for summary judgment on January 11, 2006, relying on its res judicata argument, and the trial court denied the motion, finding that there were material issues of fact in dispute.

## The Trial Court's Ruling

Although the trial focused primarily on the width of Taylor Loop Road and the uses to which the City has made of it, there was also testimony regarding the lack of records in the clerk's office indicating how the road has been used; regarding the ever-increasing width of the road; and regarding the City's placement of culverts and water lines under the road. At the close of the testimony, both Lane and the Hootens moved for directed verdicts. Appellants did not object, and the motions were granted.

The City then moved for a directed verdict and incorporated the arguments made in its earlier motion for summary judgment. Over appellants' objections, the court dismissed the

case because it found that appellants failed to join two indispensable parties. The court entered its order on March 31, 2006, dismissing appellants' complaint for failing to join all of the landowners on Taylor Loop Road. The court also found that the current action was barred by res judicata because appellants had previously filed suit against the City on the same issues and that the previous suit had been dismissed with prejudice. Finally, the court declared Taylor Loop Road a public road.

Appellants moved for reconsideration, which was denied on May 2, 2006. On the same date, the court awarded both Lane and the Hootens $2500 in attorney's fees.

Appellants timely appealed, raising five points for reversal. They contend that the trial court erred in summarily dismissing their complaint on the basis of res judicata; that the City had no right to bury utilities under, or to widen, Taylor Loop Road; that appellants are entitled to a decree describing appellee's easement with specificity; that the trial court erred in awarding attorney's fees to Lane and the Hootens; and that the trial court erred in dismissing appellants' petition to quiet title.

### Res Judicata

The trial court erred in dismissing appellants' action on grounds of res judicata. In reaching this conclusion, we specifically hold that the court's February 4, 2003 order of dismissal does not have a res judicata effect on this case because to hold otherwise would give that order an effect contrary to what is prescribed in Ark. R. Civ. P. 41(b).

The purpose of the res judicata doctrine is to put an end to litigation by preventing the re-litigation of a matter when a party has had one fair trial on the matter. *Cox v. Keahey*, 84 Ark. App. 121, 133 S.W.3d 430 (2003). The test to determine whether res judicata applies is whether matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. *Id.* The key question is whether the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Id.*

Appellants have not had a full and fair opportunity to litigate their case. This is true because appellants' October 13, 2000 lawsuit was involuntarily dismissed pursuant to Rule 41(b) of the Arkansas Rules of Civil Procedure. The court dismissed the first

action because appellants failed to comply with the court's August 22, 2001 order requiring appellants to amend their complaint to clearly specify the relief sought and to join all parties owning land adjacent to Taylor Loop Road.

Although the February 4, 2003 order dismissed the earlier case "with prejudice," we hold that it did not operate as a bar to the present case. Usually, a dismissal with prejudice is as conclusive of the rights of the parties as if there had been an adverse judgment as to the plaintiff after a trial. *Cox*, supra. There are, however, limitations to the doctrine of res judicata, and we believe the court erred in failing to apply an exception to that doctrine under the circumstances of this case. *See id.* This is true because Rule 41(b) provides that the court may involuntarily dismiss a case where "there has been a failure of the plaintiff to comply with these rules or any order of the court or in which there has been no action shown on the record for the past 12 months." It further provides that

> [a] *dismissal under this subdivision is without prejudice* to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits.

Ark. R. Civ. P. 41(b) (emphasis added). For this reason, the trial court's February 4, 2003 dismissal order directly conflicts with Rule 41(b).

Moreover, the Restatement (Second) of Judgments § 20(1) provides:

> (1) A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim:

> (a) When the judgment is one of dismissal for lack of jurisdiction, for improper venue, or for nonjoinder or misjoinder of parties; or

> (b) When the plaintiff agrees to or elects a nonsuit (or voluntary dismissal) without prejudice or the court directs that the plaintiff be nonsuited (or that the action be otherwise dismissed) without prejudice; or

> (c) When by statute or rule of court the judgment does not operate as a bar to another action on the same claim, or does not so operate unless the court specifies, and no such specification is made.

In explaining subsection (c) above, comment d provides that, although a court, in dismissing on any of these grounds, may specify that its decision is "with prejudice" or "on the merits," a "judgment may not have an effect contrary to that prescribed by the statutes, rules of court, or other rules of law operative in the jurisdiction in which the judgment is rendered." This reasoning is sound and we adopt it.

### Dismissal for Failure to Join Indispensable Parties

The dismissal for failure to join indispensable parties was improper for two reasons. First, nothing in the record indicates that the nonjoined property owners could not be joined to the lawsuit. Second, the dismissal leaves appellants without an adequate remedy. Rule 19 provides in pertinent part:

> (a) Persons to Be Joined if Feasible. A person who is subject to service of process *shall* be joined as a party in the action if . . . (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter, impair or impede his ability to protect that interest, or, (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. If he has not been joined, the court *shall* order that he be made a party. . . .

> (b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subsection (a)(1)-(2) hereof cannot be made a party, the court shall determine whether . . . the action should proceed among the parties before it, or should be dismissed . . . The factors to be considered by the court include: . . . (2) *the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided*; (3) whether a judgment rendered in the person's absence will be adequate; (4) *whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.*

Ark. R. Civ. P. 19 (2007) (emphasis added).

As a predicate to dismissing a case pursuant to Rule 19(b), the trial court must determine that the indispensable, nonjoined, parties cannot be made parties to the litigation. Consequently, before dismissing appellants' case, the trial court was required to determine that the nonjoined parties, who relied on Taylor Loop

Road to access their properties, were not amenable to process. Here, there is nothing in the record indicating that these other parties could not be joined.

■ Further, even if the circuit court had determined that the adjacent landowners could not be joined, the court was then required to consider certain other factors before dismissing appellants' case. One such factor is whether appellants would have an adequate remedy if the action was dismissed. This consideration is key because appellants' 2000 case, which is similar to the one presently on appeal, was dismissed for failure to join indispensable parties. Consequently, the dismissal of this case would be a true dismissal with prejudice, pursuant to Ark. R. Civ. P. 41. For that reason, appellants would have no remedy if the action were dismissed for nonjoinder.

We, therefore, hold that the trial court abused its discretion in dismissing this case, and we reverse and remand.

### Attorney's Fees

The circuit court dismissed Buddy Lane and the Hootens because appellants presented no evidence establishing that Lane had destroyed appellants' trees and was continuing to trespass on their property. Appellants did not object to that dismissal and, at first, did not appeal it. Appellants, however, amended their notice of appeal to include Lane and the Hootens, but appellants did not brief this point. Consequently, we will not address whether the trial court committed error in dismissing Land and the Hootens based on appellants' property destruction and trespass claims.

Appellants' fourth argument, however, is that there is no statutory basis for the trial court's award of attorney's fees to Lane and the Hootens. Lane and the Hootens requested attorney's fees pursuant to Ark. Code Ann. § 16-22-309 (Repl. 1999), claiming the actions against them were "totally lacking a justiciable issue of law or fact." Section 16-22-309(a)(1) provides for an award of fees in any civil action in which there was a complete absence of a justiciable issue. We review whether there was a complete absence of a justiciable issue de novo, by reviewing the trial court's record. Ark. Code Ann. § 16-22-309(d) (Repl. 1999).

■ The record is clear that Lane was in possession of property owned by the Hootens, which property is adjacent to Taylor Loop Road. The trial court dismissed the case against the

City, in part, because appellants failed to join all of the parties owning property adjacent to Taylor Loop Road. We hold that the court erred in, on one hand finding that appellants were required to join all of the adjacent property owners while, on the other hand, finding that appellants' claim against the only adjacent property owner was lacking merit. Although the arguments made against the Hootens were weak, the Hootens were nonetheless indispensable parties whom appellants were required to join for a complete adjudication of the road issues. Consequently, the court erred in awarding attorney's fees to the Hootens.

■ A separate analysis applies to the fees awarded to Lane. Lane was not an indispensable party and appellants presented no evidence establishing the merit of their claims against him. There-fore, on remand, the trial court may reconsider the award of fees to Lane.

### Remaining Issues

■ We cannot address appellants' remaining two points regarding whether the City can install utility lines under Taylor Loop Road and whether appellants are entitled to a decree defining the width of Taylor Loop Road because the trial court did not rule on these issues. Failure to obtain a ruling is a procedural bar to our consideration of an issue on appeal. *See Scamardo v. Jaggers*, 356 Ark. 236, 149 S.W.3d 311 (2004). These issues can be addressed on remand after joinder of all interested parties.

Reversed and remanded.

GLADWIN and MARSHALL, JJ., agree.