Cite as 2022 Ark. App. 366

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-19-769

| | |
|---|---|
| MARK DANA AND DIANA DANA APPELLANTS | Opinion Delivered September 28, 2022 |
| V. | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-18-1026] |
| DIAMANTE MEMBERS CLUB, INC. AND DIAMANTE, A PRIVATE MEMBERSHIP GOLF CLUB, LLC APPELLEES | HONORABLE GRISHAM PHILLIPS, JUDGE |
| | AFFIRMED |

**RITA W. GRUBER, Judge**

This is a companion case to *Faigin v. Diamante Members Club, Inc.*, 2022 Ark. App. 361, also handed down today. The background facts and procedural history are set out in that opinion. Only facts specific to appellants will be detailed below. Appellants, Mark Dana and Diana Dana (collectively "appellants") own property within the Diamante subdivision located in Hot Springs Village, Arkansas. The appellees, Diamante, A Private Membership Golf Club, LLC; and Diamante Members Club, Inc. (collectively "appellees"), respectively, are the former and current owners of a private golf club associated with the developed subdivision.

In this appeal, appellants argue the same points on appeal as the appellants in *Faigin*. As detailed in *Faigin*, res judicata precludes appellants' claims; thus, we affirm the circuit

court's application of the doctrine and grant of summary judgment to Diamante Members Club, Inc. ("New Club").

## I. *Background Facts*

Appellants purchased a lot in the Diamante subdivision on November 12, 2002. In or around 2013, appellants ceased making their monthly club payment, and appellee Diamante, A Private Membership Golf Club, LLC ("Old Club"), filed a lien for unpaid monthly dues on the property. Later, New Club filed a complaint to foreclose the lien on July 17, 2018. Appellants filed their answer and defensive counterclaim against New Club on September 27, 2018, wherein they alleged they are residents of the State of Texas and denied ever paying monthly dues or any of the club facilities. Furthermore, appellants maintained they never received any notice of unpaid dues or the liens filed on the property. They also asserted a defensive counterclaim alleging fraud in the inducement of a contract. Subsequently, appellants abandoned their counterclaim and filed an amended answer to the complaint that asserted additional allegations of false representations made by the developers and a claim that they had no contract with New Club.

New Club and appellants filed cross-motions for summary judgment on March 15, 2019. A final judgment and decree of foreclosure was entered granting summary judgment to New Club on May 31, 2019, and appellants filed timely notices of appeal.

## II. *Discussion*

The circuit court concluded that appellants were attempting to relitigate claims which had previously been decided, or could have been decided, in *Dye v. Diamante, a Private*

2

*Membership Golf Club, LLC*, 2017 Ark. 42, 510 S.W.3d 759, and applied the doctrine of res judicata. For the reasons set forth in *Faigin*, 2022 Ark. App. 361, and incorporated herein by reference, we hold that the circuit court properly applied res judicata in granting summary judgment in favor of New Club.

While appellants contend on appeal that they were not parties in *Dye*, we find no merit to this argument. In pleadings before the circuit court, appellants expressly admitted they "were unnamed members in the *Dye* case" and go on to state that "[a]lmost all of the 450 owners of lots and homes in the Diamante subdivision, including Defendants, were unnamed parties in the *Dye* class action." The key question regarding the application of res judicata is whether the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Cox v. Keahey*, 84 Ark. App. 121, 133 S.W.3d 430 (2003). Appellants were lot owners when *Dye* was filed in 2013, and as noted by the circuit court, they never opted out of the plaintiff class; thus, appellants are bound by the circuit court's decision in *Dye*, as affirmed by the Arkansas Supreme Court.

### III. *Conclusion*

As in *Faigin*, we find that all the requirements of claim preclusion are met; accordingly, the circuit court's order granting summary judgment to New Club is affirmed. Having concluded that res judicata bars relitigation of appellants' claim, we need not consider the other points on appeal.

Affirmed.

GLADWIN and BARRETT, JJ., agree.

*Robert S. Tschiemer*, for appellants.

*Schnipper, Britton & Stobaugh*, by: *Beau Britton*, for separate appellee Diamante Membership Club, Inc.